STATE OF NEBRASKA, APPELLEE, V. COREY A. BROOKS, APPELLANT.
___ N.W.2d ___

Filed April 5, 2013.    No. S-12-624.

1. **Judgments: Speedy Trial: Appeal and Error.** As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.
2. **Constitutional Law: Speedy Trial: Statutes.** The constitutional right to a speedy trial is guaranteed by U.S. Const. amend. VI and Neb. Const. art. I, § 11; the constitutional right to a speedy trial and the statutory implementation of that right exist independently of each other.
3. **Speedy Trial.** If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he shall be entitled to his absolute discharge from the offense charged.
4. ____. To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Cum. Supp. 2012).
5. **Constitutional Law: Speedy Trial.** Determining whether a defendant's constitutional right to a speedy trial has been violated requires a balancing test in which the courts must approach each case on an ad hoc basis. This balancing test involves four factors: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant.

Appeal from the District Court for Douglas County: JOSEPH S. TROIA, Judge. Affirmed.

Justin A. Quinn and Kevin A. Ryan for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

WRIGHT, J.
## NATURE OF CASE
In October 2011, Corey A. Brooks was charged in Douglas County District Court with, among other crimes, first degree murder and possession with intent to deliver a controlled substance. The murder charge was docketed in case No. CR-11-2017. The drug charge was docketed in case No. CR-11-2018. The cases were not consolidated; however, both cases were set for trial in March 2012.

Brooks' counsel filed a written motion to continue in the drug case but did not file a written motion in the murder case. At a hearing in the murder case, counsel stated he would not be ready for trial by the March 2012 trial date and orally requested a continuance. The district court continued trial in both cases to July.

In June 2012, Brooks moved for discharge in the murder case, alleging that his statutory and constitutional rights to a speedy trial had been violated. The district court overruled his motion, and Brooks appealed.

## SCOPE OF REVIEW

[1] As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Tamayo*, 280 Neb. 836, 791 N.W.2d 152 (2010).

## FACTS

On October 5, 2011, an information was filed in CR-11-2017, charging Brooks with first degree murder, use of a deadly weapon to commit a felony, and possession of a deadly weapon by a prohibited person. That same day, an information was filed against Brooks in CR-11-2018 for manufacturing, distributing, or possessing with intent to distribute methamphetamine and possession of a deadly weapon by a prohibited person. The cases were not consolidated, but trial was scheduled in both cases for March 5, 2012. The State's amended information for CR-11-2017 included first degree murder during the commission of a kidnapping, and the amended informations in both CR-11-2017 and CR-11-2018 added habitual criminal charges.

On February 2, 2012, Brooks' counsel moved to withdraw, and his motion was sustained. (New counsel had entered his appearance in both cases on January 30.) On February 10, Brooks' new counsel filed a written motion to continue trial in CR-11-2018 but not in CR-11-2017.

At a February 22, 2012, hearing in CR-11-2017, Brooks' counsel stated he had advised Brooks that a continuance was

desirable due to "the magnitude of the case and the possible consequences and the enormous amount of discovery and now more discovery that was provided to us just a few moments ago." He also made it clear that Brooks was aware of the request for a continuance and that they had talked about it several times.

The district court asked Brooks if he had any objection to the continuance. Brooks responded, "No, I don't." After hearing Brooks' response, the court continued the trial in CR-11-2017. The court also entered an order to continue CR-11-2018. Both cases were scheduled to be tried on July 9, 2012. Brooks made no objection to the trial date of July 9.

On June 21, 2012, Brooks moved for discharge in CR-11-2017. He alleged he had not been tried within 6 months from the filing of the information, in violation of his statutory and constitutional rights to a speedy trial. Brooks claimed that he filed a written motion to continue in CR-11-2018 in conformance with Neb. Rev. Stat. § 25-1148 (Reissue 2008). He alleges that because he did not file a written motion in CR-11-2017, he did not request a continuance in CR-11-2017. However, the district court granted Brooks' motion for a continuance in CR-11-2017 based on his oral request during the February 22 hearing in CR-11-2017.

At the June 25, 2012, hearing on Brooks' motion to discharge, the State offered into evidence printed copies of the search results for both CR-11-2017 and CR-11-2018 found on the Judicial User System to Improve Court Efficiency (JUSTICE). JUSTICE is Nebraska's online trial court case management system that provides public information about cases, including a register of actions that were recorded in a particular case. Exhibit 1, the printout for CR-11-2018, includes a journal entry for February 22 written by the district court judge that reads: "[Brooks'] Motion to Continue Trial heard. Motion granted. Trial reset for July 9, 2012 at[ ]9:00 a.m." Exhibit 3, the printout for CR-11-2017, contains a similar entry from February 22 stating: "[Brooks'] Motion to Continue Trial heard. Trial set for March 5, 2012 is continued to July 9, 2012."

The district court overruled Brooks' motion for discharge. The court found it was "the intention of [Brooks'] counsel to file a written Motion for Continuance in both CR 11 - 2017 and CR 11 - 2018." It noted that at the February 22, 2012, hearing, counsel had asserted that he could not be ready for trial on March 5 because he had become Brooks' counsel only recently. And following the February 22 hearing, the court had continued both cases and rescheduled the trial date to July 9. Based on the written motion in CR-11-2018 and the oral request for a continuance in CR-11-2017, the court determined that a motion to continue had been requested and granted in both cases. Brooks appealed. We moved the case to our docket pursuant to our authority to regulate the dockets of this court and the Nebraska Court of Appeals. See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008). We affirm.

## ASSIGNMENTS OF ERROR

Brooks assigns that the district court erred in failing to sustain the motion for discharge in CR-11-2017, because the State failed to bring the matter to trial within 6 months as required by Neb. Rev. Stat. § 29-1207 (Cum. Supp. 2012), and that this failure violated his constitutional right to a speedy trial guaranteed by U.S. Const. amend. VI and Neb. Const. art. I, § 11.

## ANALYSIS

[2] Brooks alleges the State failed to bring him to trial within 6 months of filing the original information, in violation of both his statutory and constitutional rights to a speedy trial. The constitutional right to a speedy trial is guaranteed by U.S. Const. amend. VI and Neb. Const. art. I, § 11; the constitutional right to a speedy trial and the statutory implementation of that right exist independently of each other. *State v. Feldhacker*, 267 Neb. 145, 672 N.W.2d 627 (2004).

### Statutory Right to Speedy Trial

The statutory right to a speedy trial is set forth in § 29-1207 and Neb. Rev. Stat. § 29-1208 (Cum. Supp. 2012). If a defendant has not been brought to trial within 6 months, as

computed by § 29-1207, he or she is entitled to absolute discharge from the offense charged. See § 29-1208.

[3] Nebraska's speedy trial statutes provide that "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." § 29-1207(1). If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he shall be entitled to his absolute discharge from the offense charged. See *State v. Knudtson*, 262 Neb. 917, 636 N.W.2d 379 (2001).

[4] To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4). *State v. Lee*, 282 Neb. 652, 807 N.W.2d 96 (2011). The State filed the information for CR-11-2017 on October 5, 2011. Excluding that day, 6 months forward would be April 6, 2012, and backing up 1 day, the speedy trial deadline for Brooks' trial was April 5.

On February 22, 2012, at a hearing in CR-11-2017, the State pointed out that there was going to be conversation about the March 5 trial date. At this time, Brooks' counsel advised the court that he was newly appointed and that "within the last couple weeks," he had received "about 30-some odd CD disks" in discovery. He advised the court that he had filed a motion to continue "a couple weeks ago" and requested that the scheduled trial date be continued. That motion was sustained by the district court at the hearing, and the court's ruling was recorded via a journal entry in the court's records that was available to the parties via JUSTICE. The court rescheduled Brooks' trials to July 9, and Brooks did not object to the July 9 trial date.

Brooks argues that because he did not file a written motion for continuance in CR-11-2017, the district court erred in not granting his absolute discharge in CR-11-2017. Section 25-1148 requires that an application for continuance by a party to the case shall be in writing. But this does not mean that a court cannot grant a continuance simply because a written motion was not filed. In the case at bar, Brooks' motion for a continuance was set forth in the record of the colloquy at the

February 22, 2012, hearing in CR-11-2017. This written record provided a factual basis upon which the court could consider Brooks' motion for discharge.

Where continuances are granted at the request of the defendant, the defendant cannot later complain that the court violated Neb. Rev. Stat. § 29-1206 (Reissue 2008) and § 25-1148 in granting his or her request. *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997). Sections 29-1206 and 25-1148 do not define whether a defendant's right to a speedy trial has been violated. Rather, they guide the court and the parties in the proper standard and procedure for continuances in light of not only the parties' interests but also the public interest in a reasonably prompt disposition of the case. *State v. Turner, supra*.

As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Tamayo*, 280 Neb. 836, 791 N.W.2d 152 (2010). The trial court determined that Brooks had requested a continuance in both CR-11-2017 and CR-11-2018. We conclude that this factual finding was not clearly erroneous.

On June 21, 2012, Brooks' motion for absolute discharge was overruled, and Brooks appealed. Thus, Brooks' speedy trial clock was tolled from the date of his motion for continuance until the resolution of this appeal from the order overruling his motion for discharge. The entire period from the filing of the motion to continue until the resolution of Brooks' appeal from the order overruling his motion to discharge is excluded from the 6-month calculation. See *State v. Feldhacker*, 267 Neb. 145, 672 N.W.2d 627 (2004). When Brooks moved for discharge, the 6 months in which to bring him to trial had not expired. The court did not err in overruling Brooks' motion for discharge based upon his statutory right to a speedy trial.

## Constitutional Right to Speedy Trial

[5] Determining whether a defendant's constitutional right to a speedy trial has been violated requires a balancing test in

which the courts must approach each case on an ad hoc basis. *State v. McLeod*, 274 Neb. 566, 741 N.W.2d 664 (2007). This balancing test involves four factors: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. *Id*. None of these four factors standing alone is a necessary or sufficient condition to the finding of a deprivation of the right to speedy trial. Rather, the factors are related and must be considered together with other circumstances as may be relevant. *Id*.

Brooks' trial counsel requested a continuance in order to properly prepare for a murder trial. Counsel stated that he encouraged Brooks to support the continuance due to "the magnitude of the case and the possible consequences and the enormous amount of discovery and now more discovery that was provided to us just a few moments ago." The district court granted a continuance on February 22, 2012. Brooks' case had been pending 4 months 17 days. All subsequent delays were the result of Brooks' motion for a continuance and his motion for absolute discharge.

Brooks has not shown that the delay prior to his motion for a continuance violated his constitutional right to a speedy trial. We stated in *State v. Jameson*, 224 Neb. 38, 43, 395 N.W.2d 744, 747 (1986): "It would be a strange anomaly if a defendant could first ask for a series of continuances and then be immune from prosecution because he had not been granted a speedy trial. Even under the most liberal view of the sixth amendment, that argument will not 'hold water.'" Our analysis under the four-factor balancing test reveals no constitutional speedy trial violation.

## CONCLUSION

The district court did not err when it overruled Brooks' motion for discharge. His counsel asked for and was granted a continuance in CR-11-2017 at the February 22, 2012, hearing. All delays in the trial were the result of Brooks' motion for continuance and motion for discharge. There was no violation of Brooks' statutory or constitutional rights to a speedy trial. Therefore, the judgment of the district court is affirmed.

AFFIRMED.