## CONCLUSION

For the reasons discussed, we find no merit in any of Ely's assignments of error. However, we conclude that the district court incorrectly granted Ely credit for time served against his life sentence. We therefore modify the credit for time served by applying it to the sentence for use of a deadly weapon. In all other respects, we affirm the judgment of the district court.

AFFIRMED AS MODIFIED.

———————

STATE OF NEBRASKA, APPELLEE, V.
RANDY L. MORTENSEN, APPELLANT.
___ N.W.2d ___

Filed January 10, 2014.    No. S-12-454.

1. **Judgments: Speedy Trial: Appeal and Error.** As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Statutes: Appeal and Error.** The meaning and interpretation of a statute are questions of law. An appellate court independently reviews questions of law decided by a lower court.

3. **Speedy Trial.** To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Cum. Supp. 2012).

4. ____. Under the speedy trial statutes, it is axiomatic that an accused cannot and should not be permitted to take advantage of a delay where the accused is responsible for the delay by either action or inaction.

5. **Speedy Trial: Waiver.** The statutory right to a speedy trial is not unlimited and can be waived.

6. **Statutes: Appeal and Error.** An appellate court will not read into a statute a meaning that is not there.

7. **Speedy Trial: Waiver.** A defendant waives his or her statutory right to a speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory 6-month period.

8. **Speedy Trial: Waiver: Appeal and Error.** A defendant's motion to discharge based on statutory speedy trial grounds will be deemed to be a waiver of that right under Neb. Rev. Stat. § 29-1207(4)(b) (Cum. Supp. 2012) where (1) the filing of such motion results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion to discharge was filed, (2) discharge is denied, and (3) that denial is affirmed on appeal.

Petition for further review from the Court of Appeals, Sievers, Pirtle, and Riedmann, Judges, on appeal thereto from the District Court for Butler County, Mary C. Gilbride, Judge. Judgment of Court of Appeals affirmed.

Robert J. Bierbower for appellant.

Jon Bruning, Attorney General, and Stacy M. Foust for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Wright, J.

## NATURE OF CASE

In April 2012, Randy L. Mortensen filed his second motion to discharge based upon his statutory right to a speedy trial. The district court overruled the motion and found that the State had 28 days remaining to bring Mortensen to trial. Mortensen appealed, and the Nebraska Court of Appeals affirmed via a memorandum opinion. See *State v. Mortensen*, No. A-12-454, 2013 WL 2106665 (Neb. App. Apr. 23, 2013) (selected for posting to court Web site).

The State petitioned for further review, arguing that additional days should be excluded from the speedy trial calculation because Mortensen's motion was frivolous and prejudiced the State. We granted the State's petition for further review and, upon consideration, hold that Mortensen has waived his statutory right to a speedy trial.

## SCOPE OF REVIEW

[1] As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Brooks*, 285 Neb. 640, 828 N.W.2d 496 (2013).

[2] The meaning and interpretation of a statute are questions of law. We independently review questions of law decided by a lower court. *Pinnacle Enters. v. City of Papillion*, 286 Neb. 322, 836 N.W.2d 588 (2013).

## FACTS

On October 27, 2009, Mortensen was charged by information with assault while being incarcerated and of being a habitual criminal. The current appeal involves his second attempt to obtain absolute discharge based on statutory speedy trial grounds.

On October 25, 2010, Mortensen filed his first motion to discharge under the speedy trial statutes. The district court overruled the motion, and Mortensen appealed. In *State v. Mortensen*, 19 Neb. App. 220, 809 N.W.2d 793 (2011), the Court of Appeals affirmed the order denying absolute discharge and calculated that there were 112 days remaining in which to bring Mortensen to trial in the district court.

Mortensen sought further review of the Court of Appeals' decision, which this court denied on December 14, 2011. On January 11, 2012, the Court of Appeals issued its mandate, and on January 17, the district court entered judgment on the mandate. The district court scheduled Mortensen's trial for April 11.

On April 10, 2012, Mortensen filed a second motion to discharge based on the alleged violation of his statutory right to a speedy trial. The parties appeared before the district court for a hearing on April 11, the date originally scheduled for trial. The matter was taken under advisement, and on May 14, the court overruled Mortensen's motion. It concluded:

> This matter was set for trial well within the 112 remaining days after the entry of judgment on the mandate. [Mortensen] sets forth no basis for a determination that the speedy trial time as calculated by both this court and the Court of Appeals has expired. The motion is without basis. There remain 28 days to commence trial.

Mortensen timely appealed. He argued that the speedy trial clock should have resumed running on the date this court denied his petition for further review, not the date the district court entered judgment on the Court of Appeals' mandate. Accordingly, Mortensen based all of his speedy trial calculations upon the date of December 14, 2011, not January 17, 2012. He calculated that with an April 11 trial date, the State would have brought him to trial after 118 days and that it had

only 112 days to do so under the Court of Appeals' previ-
ous decision.

The Court of Appeals rejected Mortensen's argument as
"clearly without merit and contrary to Nebraska law." *State
v. Mortensen*, No. A-12-454, 2013 WL 2106665 at *2 (Neb.
App. Apr. 23, 2013) (selected for posting to court Web site).
It determined that the speedy trial clock began running again
when the district court took action upon the Court of Appeals'
mandate and that, consequently, the State still had 28 days
to bring Mortensen to trial at the time Mortensen filed his
second motion to discharge. The Court of Appeals held that
the district court properly overruled Mortensen's motion
to discharge.

On appeal, the State asked the Court of Appeals to exclude
from the speedy trial clock the delay caused by Mortensen's
allegedly frivolous motion to discharge. It argued that
Mortensen's repeated, frivolous motions to discharge prej-
udiced the State and constituted good cause to exclude
additional time from the statutory speedy trial clock under
Neb. Rev. Stat. § 29-1207(4)(f) (Cum. Supp. 2012). The
Court of Appeals concluded that the State should have raised
this argument in a cross-appeal and declined to consider
whether additional days should be excluded from the speedy
trial clock.

The State moved for further review, claiming that the Court
of Appeals' decision promoted abuse of the statutory speedy
trial system by defendants. It argued that the Court of Appeals'
opinion would "allow defendants to file repeated motions to
discharge on frivolous speedy trial claims and, after appeal, be
placed in potentially better positions than they were before. .
. . The State is prejudiced, while defendants like Mortensen
continue to play games with the speedy trial clock." Brief for
appellee in support of petition for further review at 5-6. We
granted the State's petition for further review.

## ASSIGNMENT OF ERROR

On further review, the State assigns that the Court of Appeals
erred in its calculation of the days remaining on the speedy
trial clock for the State to bring Mortensen to trial.

## ANALYSIS

### BACKGROUND

[3] This case involves Mortensen's statutory right to a speedy trial, which is separate from his constitutional right to a speedy trial. See *State v. Brooks*, 285 Neb. 640, 828 N.W.2d 496 (2013). The statutory right to a speedy trial is set forth in § 29-1207 and Neb. Rev. Stat. § 29-1208 (Cum. Supp. 2012). *Brooks, supra*. Under § 29-1207(1), "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4). *Brooks, supra*.

If a defendant is not brought to trial before the running of the time for trial as provided for in § 29-1207, as extended by excluded periods, he or she shall be entitled to his or her absolute discharge from the offense charged and for any other offense required by law to be joined with that offense. § 29-1208.

### PURPOSE OF SPEEDY TRIAL STATUTES

The Legislature's stated purpose for enacting the speedy trial statutes was "[t]o effectuate the right of the accused to a speedy trial and the interest of the public in prompt disposition of criminal cases . . . ." Neb. Rev. Stat. § 29-1205 (Reissue 2008). Thus, one important purpose of the speedy trial statutes is "protection of an accused from a criminal charge pending for an undue length of time." *State v. Lafler*, 225 Neb. 362, 367, 405 N.W.2d 576, 580 (1987), *abrogated on other grounds, State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990). In addition to facilitating the rights of defendants, speedy trial statutes also serve public interests. See *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991). By enactment of the statutes in question, the Legislature has recognized the social desirability of bringing the accused to trial at an early date. See *State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604 (1972).

### Abuse of Speedy Trial Statutes

But as shown by the current appeal, our speedy trial statutes have been abused. The statutory right to a speedy trial has been used in some cases not to obtain relief from protracted criminal proceedings, but to hamper the State's ability to bring a defendant to trial in an efficient and timely manner. The circumstances surrounding Mortensen's motions to discharge illustrate this abuse.

Mortensen filed his first motion to discharge on October 25, 2010. At that time, his trial was set for October 26. As a result of the motion, the trial was continued and the parties argued the motion to discharge. The district court ruled that Mortensen's trial scheduled for October 26 would have been within the statutory 6-month period, and the Court of Appeals affirmed. See *State v. Mortensen*, 19 Neb. App. 220, 809 N.W.2d 793 (2011).

Mortensen filed a second motion to discharge on April 10, 2012, the day before trial was scheduled to begin. Instead of holding a trial on April 11, the court was required to continue the trial for a hearing on the motion to discharge. Again, the district court determined that the trial would have been within the statutory 6-month period if it had been held on April 11, as originally scheduled. The Court of Appeals again affirmed.

Both of Mortensen's motions to discharge had the significant result of postponing trial dates that he claimed were untimely when in fact both trial dates were set within the required 6 months. As a result of these motions, Mortensen has postponed his trial date for over 3 years from his first trial date.

[4] Under the speedy trial statutes, it is axiomatic that an accused cannot and should not be permitted to take advantage of a delay "where the accused is responsible for the delay by either action or inaction." *State v. Tucker*, 259 Neb. 225, 232, 609 N.W.2d 306, 312 (2000). See, also, *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997); *Lafler, supra*; *State v. Craig*, 15 Neb. App. 836, 739 N.W.2d 206 (2007). Yet, defendants have used motions to discharge to delay trial for their benefit. Mortensen's case exemplifies the manner in

which defendants awaiting trial have manipulated the speedy trial system to delay trial and run out the speedy trial clock. Mortensen was charged by information in October 2009, but because of his motions to discharge, trial has been postponed for over 3 years since his first trial date—well beyond the statutory 6-month period.

We agree with the State's assertion that Mortensen has abused his statutory right to a speedy trial but has to date faced no repercussions for doing so. That has now changed with the recent amendment to § 29-1207. See 2010 Neb. Laws, L.B. 712, § 15.

### WAIVER BY FILING UNSUCCESSFUL MOTION
### TO DISCHARGE THAT EXTENDED TRIAL
### BEYOND 6-MONTH PERIOD

[5] The statutory right to a speedy trial is not unlimited and can be waived. See, e.g., *State v. Andersen*, 232 Neb. 187, 440 N.W.2d 203 (1989). Under certain circumstances, waiver is prescribed by statute. See, § 29-1207(4)(b); Neb. Rev. Stat. § 29-1209 (Reissue 2008).

In *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009) (Wright, J., concurring; Heavican, C.J., and Connolly, J., join), we pointed out the problems with the statutory speedy trial claims being asserted by defendants and the potential for abuse. In that case, the defendant's trial had been delayed for several years as a result of continuances granted at his request or with his consent, leaving only 34 days to bring him to trial. From those facts, we observed that "time keeps following the State, and the accused hopes the State will slip and fall victim to the 6-month trial clock." *Id*. at 148, 761 N.W.2d at 527. As a solution to such abuse, we recommended that the speedy trial statutes be amended to provide for a waiver of the statutory right to a speedy trial.

In response to the concerns expressed in *Williams*, *supra*, the Legislature amended § 29-1207(4)(b) to provide that a defendant's request to continue trial beyond the statutory 6-month period is deemed to be a waiver of the defendant's statutory right to a speedy trial. See L.B. 712, § 15. As amended, § 29-1207(4)(b) provides in relevant part that "[a]

defendant is deemed to have waived his or her right to speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory six-month period." The 2010 amendments also added language to § 29-1207(4)(b) that establishes an affirmative duty on the part of a defendant to end an indefinite continuance granted at his or her request. See L.B. 712, § 15. The amendments were operative July 15, 2010—several months before Mortensen filed his first motion to discharge. See *id*. But these amendments were not considered in Mortensen's first appeal.

[6] Section 29-1207(4)(b), as amended, provides for a permanent waiver of the statutory right to a speedy trial. There is no language in the statute that indicates an intent to limit the scope of the waiver provided therein, and "an appellate court will not 'read into a statute a meaning that is not there.'" See *Holdsworth v. Greenwood Farmers Co-op*, 286 Neb. 49, 58, 835 N.W.2d 30, 37 (2013), quoting *Blakely v. Lancaster County*, 284 Neb. 659, 825 N.W.2d 149 (2012). As such, the language of the amendments to § 29-1207(4)(b) indicates that the Legislature intended for the amendments to provide for a permanent waiver of a defendant's statutory right to a speedy trial.

Thus, reading § 29-1207(4)(b) as a whole, if a defendant requests a continuance that moves a trial date which has been set within the statutory 6-month period to a date that is outside the 6-month period, that request constitutes a permanent waiver of the statutory speedy trial right. The question is whether Mortensen's motion for discharge is a motion for continuance as described in the amendments. The amendments provided for a waiver of the right to a speedy trial when a continuance extends the trial date beyond the statutory 6-month period. Obviously, if a defendant's motion is sustained, the action is concluded and the defendant is discharged. But what is the effect of a motion for discharge that extends the trial date if the motion is overruled?

A motion to discharge is a request for a continuance, because it requires the court to dispose of the motion before trial can be commenced. As explained below, when a motion to discharge

is filed, trial cannot be held and must be continued in order for the court to consider and rule upon the motion. The motion functions as a request for a continuance, because the motion must be resolved by completion of the appeal process before the trial may be commenced. A motion which necessitates an adjournment is equivalent to an application for a continuance. 17 C.J.S. *Continuances* § 94 (2011).

Implicit within a motion to discharge is a request to continue the proceeding. There is no other procedure for the consideration of the motion. Under § 29-1209, the failure of the defendant to move for discharge prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to a speedy trial. But even though raised in a pretrial motion, the denial of discharge is a final and appealable order. See *State v. Gibbs*, 253 Neb. 241, 570 N.W.2d 326 (1997). The statutory right to a speedy trial would be "significantly undermined if appellate review of nonfrivolous speedy trial claims were postponed until after conviction and sentence." *Id*. at 245, 570 N.W.2d at 330. Consequently, if a defendant files a notice of appeal from a denial of the speedy trial claim, the trial court is divested of jurisdiction until the issue has been resolved by the appellate court and the mandate has been entered. See *State v. Abram*, 284 Neb. 55, 815 N.W.2d 897 (2012). Because an order denying discharge is appealable and a notice of appeal filed from the denial of discharge divests the trial court of jurisdiction, the motion for discharge has the immediate effect of continuing the proceedings. The procedures in our appellate jurisdiction require the matter to be continued pending resolution of a motion to discharge. Therefore, implicit within the motion for discharge is a request for a continuance until the issue has been completely resolved.

Where a motion to discharge cannot be finally resolved without postponing trial, the motion serves no purpose unless it acts as a request for a continuance. Trial cannot proceed and must be continued. Other courts have charged to a defendant the delay resulting from his or her motion to discharge, describing the delay as "a reasonable continuance to permit a

ruling of the motion." See *Russell v. State*, 624 S.W.2d 176, 179 (Mo. App. 1981).

This is precisely what has occurred in the instant case. Because of the manner in which Mortensen filed each of his motions to discharge, it was necessary to continue trial beyond the statutory 6-month period in order for the court to rule on the motion. Mortensen's first motion to discharge continued the trial scheduled for October 26, 2010. He filed that motion to discharge on October 25, and as a result, the October 26 trial date was used for a hearing on the motion to discharge instead of for trial. Mortensen engaged in identical tactics when filing his second motion to discharge. He waited until April 10, 2012, to file a second motion to discharge. On April 11, the parties argued the motion to discharge instead of starting trial. Because Mortensen filed each motion to discharge the day before the scheduled trial, it was impossible to resolve the issue within the statutory 6-month period and the trial was continued. Furthermore, because Mortensen's motions necessitated the continuance of trial scheduled within the 6-month requirement, we conclude that his motions were requests by Mortensen for a continuance.

Any delay resulting from Mortensen's motions to discharge must be construed as a period of delay resulting from a continuance granted at the request of a defendant under § 27-1207(4)(b). The language of the amendments to § 27-1207(4)(b) does not specify the reasons for which a continuance must be granted in order to result in a waiver of the statutory right to a speedy trial. As amended, § 27-1207(4)(b) provides that the continuance must be granted at the request of a defendant or his or her counsel and extend the trial date beyond the statutory 6-month period. In the absence of any language to the contrary, this broad language encompasses a continuance necessitated by a defendant's motion to discharge where the continuance has the effect of moving trial beyond the statutory 6-month period.

If, for purposes of argument, we assume, without deciding, that § 27-1207(4)(b) is ambiguous whether the waiver was meant to apply to a motion to discharge, the legislative history of the

2010 amendments clearly demonstrates that § 27-1207(4)(b) was amended specifically to address these types of delays. The language of waiver now found in § 27-1207(4)(b) was introduced by L.B. 1046, which was later amended into L.B. 712. See, L.B. 1046, Judiciary Committee, 101st Leg., 2d Sess. 3 (Jan. 21, 2010); Committee Statement, L.B. 712, A.M. 2288, 101st Leg., 2d Sess. 3 (January 20, 2010). At a committee hearing, the proponents of L.B. 1046 explained that the language of waiver was being proposed as a direct response to the problems identified in *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009) (Wright, J., concurring; Heavican, C.J., and Connolly, J., join). See Judiciary Committee Hearing, L.B. 1046, 101st Leg., 2d Sess. 15-16 (Feb. 19, 2010). As stated in the hearing, the problems identified in *Williams, supra*, and intended to be addressed by the amendments included not only delays caused by traditional continuances, but also delays resulting from the filing of motions to discharge. See Judiciary Committee Hearing, *supra*. In light of this legislative history, § 27-1207(4)(b) must be interpreted as providing for a waiver of a defendant's speedy trial claim when a continuance necessitated by the defendant's motion to discharge moves trial beyond the statutory 6-month period.

In the instant case, both of the motions to discharge resulted in the continuance of trial from a date within the statutory 6-month period to a date outside the 6-month period, as calculated at the time Mortensen filed each motion. The practical effect of Mortensen's first motion to discharge was to move his trial beyond the 112 days remaining on the speedy trial clock when Mortensen filed the motion. Mortensen's second motion to discharge similarly required the continuance of a timely trial to a date outside the statutory 6-month period. There were 28 days left on the speedy trial clock when Mortensen filed his second motion to discharge. Over 1 year later, the continuance necessitated by this motion is still in effect pending resolution of this appeal. These are precisely the type of continuances that § 29-1207 was amended to address.

[7] A defendant waives his or her statutory right to a speedy trial "when the period of delay resulting from a continuance

granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory six-month period." § 29-1207(4)(b). Mortensen's motions to discharge operated as requests for continuances, prevented what would have been timely trials from taking place, and delayed trial beyond the statutory 6-month period, as calculated on the date each motion was filed. If Mortensen's motions to discharge had identified actual violations of his statutory right to a speedy trial, he would have been discharged, making the delay irrelevant. But his motions to discharge did not succeed in obtaining discharge. Therefore, the filing of those motions is deemed to be a waiver of Mortensen's statutory speedy trial right under § 29-1207(4)(b).

Extending the waiver of § 29-1207(4)(b) to cover requests for continuances implicit in motions to discharge furthers the purposes of the speedy trial statutes. A primary purpose of the statutes is to promote a speedy trial, not to delay it. See, e.g., *State v. Lafler*, 225 Neb. 362, 405 N.W.2d 576 (1987), *abrogated on other grounds, State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990). The filing of a motion to discharge that identifies an actual violation of the statutory right to a speedy trial serves that purpose by ensuring that defendants are brought to trial within 6 months. If a defendant's statutory right to a speedy trial has actually been violated, a motion to discharge will provide relief in the form of a discharge. If successful, a motion to discharge does not delay trial, it completely avoids trial. But where motions to discharge are filed so as to continue the trial date beyond the statutory 6-month period without identifying a violation of the statutory right to a speedy trial, they have the effect of frustrating the purposes of the speedy trial statutes by continually delaying trial and, hence, are deemed to be a waiver of such rights.

## RESOLUTION

[8] We hold that a defendant's motion to discharge based on statutory speedy trial grounds will be deemed to be a waiver of that right under § 29-1207(4)(b) where (1) the filing of such motion results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the

motion to discharge was filed, (2) discharge is denied, and (3) that denial is affirmed on appeal.

Mortensen waived his statutory right to a speedy trial under § 29-1207(4)(b) by filing unsuccessful motions to discharge that necessitated continuing trial beyond the statutory 6-month period. Thus, we affirm the Court of Appeals' decision affirming the judgment of the district court that overruled Mortensen's motion for discharge.

In the past, when affirming a district court's denial of discharge in similar cases, we have calculated the number of days remaining for the State to bring the defendant to trial once the district court reacquired jurisdiction of the case. See, e.g., *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009). For this reason, the State asked the Court of Appeals to exclude additional days from the speedy trial clock. The Court of Appeals declined to consider this request, asserting that the State was required to submit such a request on cross-appeal. We note that in a criminal case, the State is not permitted to cross-appeal. See *State v. Halsey*, 232 Neb. 658, 441 N.W.2d 877 (1989). But in any event, an exact calculation of days remaining on the speedy trial clock is no longer required. Because Mortensen has waived his statutory right to a speedy trial under § 29-1207(4)(b), we are not required to calculate the days remaining to bring him to trial under § 29-1207. Once the district court reacquires jurisdiction over the cause, it is directed to set the matter for trial.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Court of Appeals affirming the denial of Mortensen's motion to discharge. The district court is directed to set a date to bring Mortensen to trial once it reacquires jurisdiction over the cause.

AFFIRMED.