IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SCHMIDT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

FREDERICK CHARLES SCHMIDT, APPELLANT.

Filed May 31, 2016.    No. A-15-754.

Appeal from the District Court for Burt County: JOHN E. SAMSON, Judge. Affirmed.

Matthew M. Munderloh, of Johnson & Mock, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

PIRTLE, Judge.

INTRODUCTION

Frederick C. Schmidt appeals from an order of the district court for Burt County denying his motion for absolute discharge based on statutory speedy trial grounds. Based on the reasons that follow, we affirm.

BACKGROUND

The State filed an information on November 12, 2014, charging Schmidt with first degree sexual assault of a child. On December 8, Schmidt filed three pretrial motions: a motion for discovery, a motion for order allowing the taking of depositions, and a motion for pretrial disclosure of Neb. Rev. Stat. §§ 27-404 or 27-414 evidence. On December 11, the trial court granted Schmidt's motion for discovery. On January 8, 2015, the court granted Schmidt's motion for pretrial disclosure of §§ 27-404 or 27-414 evidence. On February 12, 2015, the trial court

granted Schmidt's motion for order allowing the taking of depositions and granted him 90 days to take the depositions.

On May 6, 2015, the State filed a motion to amend the information for the reason that the 18 witnesses endorsed on the original information did not reflect the witnesses the State intended to call at trial. The motion was granted and the State filed an amended information on May 14, charging Schmidt with the identical offense as the initial information, but reducing the number of witnesses from 18 to 7. Six of the 7 witnesses had been listed on the original information. Schmidt pled not guilty to the amended information.

On May 12, 2015, Schmidt filed a motion to extend the deadline for taking depositions. The motion was granted on May 19 and Schmidt was given until July 17, 2015 to complete the depositions. Schmidt's trial was scheduled for August 19, 2015.

On August 13, 2015, Schmidt filed a motion for absolute discharge on statutory speedy trial grounds. Following a hearing on August 14, the court denied the motion concluding that Schmidt's statutory right to speedy trial had not been violated. The court found that a total of 113 days were excluded from the speedy trial clock. Specifically, 66 days were excluded for Schmidt's pretrial motions, 45 days were excluded for "extra time to take depositions," and 2 days were excluded for Schmidt's motion to extend the deposition deadline.

ASSIGNMENT OF ERROR

Schmidt assigns that the trial court erred in denying his motion for absolute discharge, because the State failed to bring him to trial within the statutory 6-month period required by Neb. Rev. Stat. § 29-1207 (Cum. Supp. 2014).

STANDARD OF REVIEW

As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014).

ANALYSIS

Schmidt assigns that the trial court erred in denying his motion for absolute discharge based on statutory speedy trial grounds. Nebraska's speedy trial statutes provide that "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." § 29-1207(1). If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he shall be entitled to his absolute discharge from the offense charged. *State v. Brooks*, 285 Neb. 640, 828 N.W.2d 496 (2013); § 29-1208 (Cum. Supp. 2012).

Where a felony offense is involved, as in the present case, the 6-month speedy trial period commences to run from the date the indictment is returned or the information filed. See, *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009); § 29-1207(2). Certain periods of delay are excluded from the speedy trial computation, including:

(a) The period of delay resulting from other proceedings concerning the defendant, including, but not limited to . . . the time from filing until final disposition of pretrial motions of the defendant . . . .

. . . .

(f) Other periods of delay not specifically enumerated in this section, but only if the court finds that they are for good cause.

§ 29-1207(4).

The burden of proof is upon the State to show that one or more of the excluded time periods under § 29-1207(4) are applicable when the defendant is not tried within 6 months. To overcome a defendant's motion for discharge on speedy trial grounds, the State must prove the existence of an excludable period by a preponderance of the evidence. *State v. Williams, supra*.

To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4). *State v. Brooks, supra*. In the present case, the State filed the information on November 12, 2014. Excluding that day, 6 months forward would be May 13, 2015, and backing up 1 day, the speedy trial deadline for Schmidt's trial, without any excludable periods, was May 12, 2015.

The court found that a total of 113 days were excluded from the speedy trial clock - 66 days for Schmidt's pretrial motions, 45 days for "extra time to take depositions," and 2 days for Schmidt's motion for extension. Schmidt does not dispute the 66 days excluded for his three pretrial motions or the 2 days excluded for his motion for extension. He concedes that these days were properly excluded based on § 29-1207(4)(a).

The plain terms of § 29-1207(4)(a) exclude all time between the time of the filing of a defendant's pretrial motions and their final disposition, regardless of the promptness or reasonableness of the delay. *State v. Williams, supra.* The excludable period commences on the day immediately after the filing of a defendant's pretrial motion. *Id.* Final disposition under § 29-1207(4)(a) occurs on the date the motion is granted or denied. *Id.*

On December 8, 2014, Schmidt filed three pretrial motions: a motion for discovery, a motion for an order allowing the taking of depositions, and a motion for pretrial disclosure of Neb. Rev. Stat. §§ 27-404 or 27-414 evidence. The trial court disposed of the last of these motion on February 12, 2015. There are 66 days between December 8, 2014, and February 12, 2015.

Schmidt correctly points out that although the court excluded 66 days for his pretrial motions, the "Summary of Days Excluded" in the order shows an exclusion period starting on November 13, 2014, rather than December 8, 2014, and ending on February 12, 2015. The November 13 date is an error, but the court correctly calculated the number of days -- 66.

Two additional days were excluded between May 12, 2015, when Schmidt filed his motion to extend the discovery deadline, and May 14, when the trial court granted the motion. We conclude that the trial court properly computed and excluded the days attributed to Schmidt's pretrial motions filed on December 8, 2014, and his motion to extend the discovery deadline under § 29-1207(4)(a).

Schmidt takes issue with the trial court's finding that good cause existed under § 29-1207(4)(f) to exclude 45 days from the speedy trial clock for the taking of depositions. In *State v. Murphy*, 255 Neb. 797, 587 N.W.2d 384 (1998), the Nebraska Supreme Court held that the period of time between a trial court's ruling on a motion for depositions until the depositions are completed is not excludable under § 29-1207(4)(a). However, such a period may or may not be excluded under § 29-1207(4)(f), with the inquiry turning upon whether there is "good cause" for the delay. *Id.* If a trial court relies on § 29-1207(4)(f) in excluding a period of delay from the 6-month computation, a general finding of "good cause" will not suffice and the trial court must make specific findings as to the good cause or causes which resulted in the extensions of time. *Id.*

At a hearing on February 12, 2015, the trial court sustained Schmidt's motion for depositions, ordering that they be taken within 90 days. The court stated that it normally would order that the depositions be done within 45 days, but it was extending it to 90 days at the request of the parties "due to the fact that at least one witness is out-of-state, in Florida, and, therefore, there are some procedures that need to be followed, and logistic concerns." The trial court asked Schmidt's counsel if he had any objections to that procedure and he responded that he did not.

When deciding Schmidt's motion for absolute discharge, the trial court found that the additional 45 days to take depositions was a direct result of accommodating Schmidt's motion to take depositions. It found "good cause" to exclude the additional 45 days pursuant to § 29-1207(4)(f) "due to the reason that counsel for [Schmidt] requested additional time than normal to take depositions because of, among other things, the out-of-state witness issue." The court noted there was no evidence of any unreasonable action or inaction by the State which contributed to the delay in Schmidt taking the depositions he requested. Conversely, the court noted, there was no bad faith assessed to Schmidt or his counsel.

Schmidt admits that when he first filed his motion for order allowing the taking of depositions, additional time to take depositions was necessary because 18 witnesses were endorsed on the information and some were located out of state. However, he argues that after the State reduced its number of witnesses from 18 to 7, the extra time to depose witnesses was unnecessary and therefore, "good cause" did not exist to exclude the extra 45 days from the speedy trial clock under § 29-1207(4)(f).

At the time the court granted Schmidt's motion for order allowing the taking of depositions and gave him 90 days to complete depositions, it did so for his benefit and at his request. The court stated that its usual practice was to allow 45 days for depositions but it was extending the time at the request of the parties due to the fact that at least one witness was out of state. The fact that the State later reduced the number of witnesses does not mean that there was not "good cause" to extend the deposition time at the time the court granted the motion.

Further, on May 12, 2015, Schmidt filed a motion to extend the deadline for taking depositions. The 90 days originally allowed for depositions expired on May 13. Thus, although Schmidt had been allowed extra time to depose witnesses, it was not enough time and he was asking for more time. He cannot now argue that the 45 days were unnecessary.

We conclude that the trial court did not err in finding "good cause" existed to exclude the additional 45 days that Schmidt was given to take depositions. Accordingly, the court did not err in concluding that there were a total of 113 excludable days, making September 2, 2015, the last

day that the State could have brought Schmidt to trial. Thus, the speedy trial clock had not expired at the time Schmidt filed his motion for absolute discharge on August 13, 2013, and Schmidt's statutory right to speedy trial was not violated.

We also conclude that because Schmidt's statutory trial right was not violated, he has waived that right. Section 29-1207(4)(b) provides a waiver of a defendant's statutory right to a speedy trial "when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory six-month period." The Supreme Court construed the statute to include not only delays caused by traditional continuances, but also delays resulting from the filing of motions to discharge. See *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014). The Court held that a defendant's motion to discharge based on statutory speedy trial grounds will be deemed to be a waiver of that right under § 29-1207(4)(b) where (1) the filing of such motion results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion to discharge was filed, (2) discharge is denied, and (3) that denial is affirmed on appeal. *Id.*

As previously discussed, 113 days were excluded from the speedy trial clock, thereby extending the permissible trial date to September 2, 2015. Schmidt filed his motion for absolute discharge on August 13, 2015, and his trial was scheduled for August 19, 2015. Schmidt's motion for absolute discharge and the subsequent appeal have resulted in a continuance of trial from a date within the statutory 6-month period to a date far beyond September 2, 2015. Thus, Schmidt has permanently waived his statutory right to a speedy trial. The district court is directed to set the matter for trial once it reacquires jurisdiction over the cause.

## CONCLUSION

The district court did not err when it denied Schmidt's motion for discharge because there was no violation of Schmidt's statutory right to a speedy trial. We conclude that Schmidt has permanently waived his statutory right to a speedy trial. The district court is directed to set a date to bring Schmidt to trial once it reacquires jurisdiction over the cause.

AFFIRMED.