Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/25/2022 09:08 AM CST

State of Nebraska, appellee, v. Samraj
Gnanaprakasam, appellant.

___ N.W.2d ___

Filed December 3, 2021.    No. S-21-246.

1. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Courts: Appeal and Error.** The district court and higher appellate courts generally review appeals from the county court for error appearing on the record.

3. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

4. **Speedy Trial.** To calculate the time for speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) to determine the last day the defendant can be tried.

5. **Speedy Trial: Indictments and Informations: Complaints.** Although the speedy trial statutes expressly refer to indictments and informations, they also apply to prosecutions commenced by the filing of a complaint in county court.

6. **Speedy Trial: Misdemeanors: Warrants: Arrests.** For misdemeanor offenses where an "intimate partner" is an element of the offense, the 6-month period in which an accused is to be brought to trial commences the date the defendant is arrested on a complaint filed as part of a warrant for arrest.

7. **Speedy Trial: Proof.** The burden of proof is upon the State to show by the greater weight of the evidence that one or more of the excluded time periods under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) are applicable when the defendant is not tried within 6 months.

8. **Speedy Trial: Good Cause.** Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) does not specifically describe a "continuance" by the court's own motion or judicial delay, but § 29-1207(4)(f) presents a catchall that designates as excluded in computing the time for trial other periods of delay not specifically enumerated in this section, but only if the court finds that they are for good cause.

9. ____: ____. Judicial delay, absent a showing by the State of good cause, does not toll the speedy trial statute.

10. ____: ____. When a trial court relies on Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016) to exclude time from the speedy trial calculation, it must make specific findings as to the good cause which resulted in the delay.

11. ____: ____. Evidence of good cause is properly presented at the hearing on the motion for absolute discharge and need not be articulated at the time of the court's sua sponte order delaying trial.

12. ____: ____. Depending upon the evidence presented, a trial court can reasonably conclude that a bench trial poses a serious risk of exposing its participants to COVID-19 and therefore may be good cause under Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016).

Appeal from the District Court for Douglas County, Gregory M. Schatz, Judge, on appeal thereto from the County Court for Douglas County, Craig Q. McDermott, Judge. Judgment of District Court affirmed.

Thomas M. Petersen and Jennifer Miralles, of Petersen Law Office, for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ., and Daugherty, District Judge.

Cassel, J.

## I. INTRODUCTION

Samraj Gnanaprakasam appeals the judgment of the district court, affirming a county court's order denying his motion for absolute discharge under the speedy trial statutes.[1]

---

[1] See Neb. Rev. Stat. §§ 29-1205 to 29-1209 (Reissue 2016).

Gnanaprakasam asserts that COVID-19 was not good cause to delay his trial and that therefore, he was entitled to discharge. He attempts to distinguish our recent pandemic jurisprudence,[2] because he was to be tried to the bench rather than by jury. Finding no merit, we affirm.

## II. BACKGROUND

On December 2, 2019, Gnanaprakasam was arrested and the State filed a complaint against him in the county court, charging him with one count of third degree domestic assault, a Class I misdemeanor. The State later amended the complaint to charge him with assault and battery under the Omaha Municipal Code. Following a 1-week delay resulting from withdrawal of his counsel, the case was rescheduled for a bench trial on April 17, 2020.

However, on April 7, 2020, the court continued Gnanaprakasam's trial to June 16 for good cause under § 29-1207(4)(f). The court cited this court's and the Douglas County Health Department's administrative orders regarding the COVID-19 pandemic.

On June 16, 2020, Gnanaprakasam filed a motion for absolute discharge, asserting that the State failed to bring him to trial within 6 months. At a hearing on his motion, the State called no witnesses and offered no exhibits, but requested the court to take judicial notice of its continuation order, which the court did. Gnanaprakasam introduced an audio recording of the hearing regarding the withdrawal of his counsel, the cited administrative orders, and the Nebraska Pandemic Bench Book.

The county court overruled Gnanaprakasam's motion for discharge, citing this court's and the Douglas County Board of Health's administrative orders regarding the COVID-19 pandemic. The court found that 197 days had elapsed between

---

[2] See, *State v. Brown, ante* p. 224, 964 N.W.2d 682 (2021); *State v. Chase, ante* p. 160, 964 N.W.2d 254 (2021).

the filing of the complaint against Gnanaprakasam and his motion for discharge, but that the 70 days after the court's postponement of trial were excludable under § 29-1207(4)(f). The court explained that the COVID-19 pandemic qualified as good cause for the delay.

Gnanaprakasam filed a timely appeal to the district court, which affirmed the county court's order. The district court concluded that the 70-day period was excludable for good cause, because the COVID-19 pandemic "provided good cause for suspension of all activity in the trial court, including the continuance of [Gnanaprakasam's] trial until June 16, 2020."

Gnanaprakasam filed a timely appeal and subsequently petitioned to bypass the Nebraska Court of Appeals. We granted the petition.[3]

After the parties submitted their original briefs, this court released two decisions[4] addressing COVID-19 as good cause under § 29-1207(4)(f). We invited the parties to submit supplemental briefing regarding the applicability of those opinions to the instant appeal. They did so, and we have considered their submissions.

## III. ASSIGNMENT OF ERROR

Gnanaprakasam assigns that the district court erred in affirming the ruling of the county court, which refused to sustain his motion for discharge, based upon the speedy trial provisions of § 29-1207.

## IV. STANDARD OF REVIEW

[1] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.[5]

---

[3] See Neb. Rev. Stat. § 24-1106(2) (Cum. Supp. 2020).

[4] See, *Brown, supra* note 2; *Chase, supra* note 2.

[5] *Brown, supra* note 2.

[2,3] The district court and higher appellate courts generally review appeals from the county court for error appearing on the record.[6] When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[7]

## V. ANALYSIS

### 1. Speedy Trial Principles

An appeal regarding the overruling of a motion for discharge presents a relatively simple mathematical computation of whether the 6-month speedy trial clock, as extended by statutorily excludable periods, has expired before the commencement of trial and does not require any showing of prejudice.[8]

[4-7] To calculate the time for speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried.[9] Although the speedy trial statutes expressly refer to indictments and informations, we have held that they also apply to prosecutions commenced by the filing of a complaint in county court.[10] For misdemeanor offenses, such as the original charge here, where an "intimate partner" is an element of the offense, the 6-month period in which an accused is to be brought to trial commences the date the defendant is arrested on a complaint filed as part of a warrant for arrest.[11] The burden of proof is upon the State to show by the greater weight of the evidence that one or more of the excluded time

---

[6] *Schaefer Shapiro v. Ball*, 305 Neb. 669, 941 N.W.2d 755 (2020).

[7] *Id.*

[8] See *Chase, supra* note 2.

[9] *Id.*

[10] *Id.*

[11] *Id.*

periods under § 29-1207(4) are applicable when the defendant is not tried within 6 months.[12]

[8-10] Section 29-1207(4) does not specifically describe a "continuance" by the court's own motion or judicial delay, but § 29-1207(4)(f) presents a catchall that designates as excluded in computing the time for trial "[o]ther periods of delay not specifically enumerated in this section, but only if the court finds that they are for good cause."[13] We have explained that judicial delay, absent a showing by the State of good cause, does not toll the speedy trial statute.[14] And when a trial court relies on § 29-1207(4)(f) to exclude time from the speedy trial calculation, it must make specific findings as to the good cause which resulted in the delay.[15]

## 2. Motion for Discharge

In Gnanaprakasam's original brief, he supported his assignment with two arguments. First, Gnanaprakasam asserted that the district court erred when it continued his trial sua sponte without a hearing, evidence, or argument to find good cause. Next, Gnanaprakasam argued that the county court erred in its order overruling his motion for discharge, because it was not supported by good cause. Each will be addressed in turn.

### (a) Continuance

Gnanaprakasam first asserts that the State needed to establish good cause in order for the court to continue his trial. Gnanaprakasam argues that the State needed to present evidence at a hearing before the court could continue the case sua sponte.

[11] This argument has no merit. We have recently explained that evidence of good cause is properly presented at the

---

[12] See *id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

hearing on the motion for absolute discharge and need not be articulated at the time of the court's sua sponte order delaying trial.[16]

### (b) Order on Motion for Discharge

Gnanaprakasam alternatively asserted that the court's order was not supported by the evidence adduced at the hearing. In fact, he claimed that the evidence "only encourage[d] the continued operation of courts during the pandemic and highlight the concern for a[n] [a]ppellant's right to a speedy trial in criminal cases."[17] Gnanaprakasam cites language from this court's administrative order that stated "no court shall close" during the pandemic, that the Nebraska Pandemic Bench Book (compiled before the COVID-19 pandemic) recommends only that civil cases be continued, and that the Douglas County Health Department's administrative order exempted the courts from its prohibition on public gatherings.

This court recently explained that the circumstances entailed by the COVID-19 pandemic were such that a court could find good cause to delay a criminal trial.[18] In those cases, this court found that the trial courts' determinations that the COVID-19 pandemic was good cause for the courts to continue criminal trials sua sponte were not erroneous.[19] The same is true here.

In Gnanaprakasam's supplemental brief, he asserts that *State v. Chase*[20] and *State v. Brown*[21] are distinguishable from the instant appeal because both cases entailed jury trials while he would have received a bench trial. He argues that because fewer people would be in the courtroom for a bench trial, COVID-19 did not justify the continuance.

---

[16] *Brown, supra* note 2.

[17] Brief for appellant at 6.

[18] See, *Brown, supra* note 2; *Chase, supra* note 2.

[19] See *id.*

[20] *Chase, supra* note 2.

[21] *Brown, supra* note 2.

[12] We find no merit to Gnanaprakasam's argument. Depending upon the evidence presented, a trial court can reasonably conclude that a bench trial poses a serious risk of exposing its participants to COVID-19 and therefore may be good cause under § 29-1207(4)(f).[22] Jurors are not the only participants potentially placed at risk. This court's administrative order mandated that trial courts "devise and implement emergency preparedness plans to carry out mission essential functions." The county court implemented a plan that it reasonably believed was necessary to protect itself, court staff, and other participants (including Gnanaprakasam himself) from exposure to COVID-19.

## VI. CONCLUSION

The district court did not err in affirming the county court's order that found good cause for the continuances related to the COVID-19 pandemic. We affirm the district court's judgment.

Affirmed.

Heavican, C.J., not participating.

---

[22] See, *Brown, supra* note 2; *Chase, supra* note 2.