Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/07/2023 09:06 AM CDT

State of Nebraska, appellee, v.
Peirce Deon Williams, appellant.

___ N.W.2d ___

Filed April 7, 2023.    No. S-22-566.

1. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

3. **Speedy Trial: Complaints: Ordinances.** The speedy trial statutes, Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016), apply to prosecutions on complaint and of city ordinance violations.

4. **Speedy Trial.** If a defendant is not brought to trial by the 6-month speedy trial deadline, as extended by any excluded periods, he or she is entitled to absolute discharge from the offense charged and for any other offense required by law to be joined with that offense.

5. ____. To calculate the time for speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) to determine the last day the defendant can be tried.

6. **Speedy Trial: Good Cause: Words and Phrases.** "Good cause," for purposes of Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016), means a substantial reason, one that affords a legal excuse. Good cause is something that must be substantial but is also a factual question dealt with on a case-by-case basis.

7. **Speedy Trial: Good Cause.** When a trial court relies on Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016) to exclude time from the speedy trial calculation, a general finding of "good cause" will not suffice.

Instead, the court must make specific findings as to the good cause which resulted in the delay.

8. **Good Cause: Proof: Appeal and Error.** A trial court's good cause findings must be supported by evidence in the record, and the State bears the burden of establishing facts showing that good cause existed. An appellate court will give deference to such factual findings unless they are clearly erroneous.

9. **Speedy Trial: Good Cause: Proof.** A continuance by the court's own motion, or judicial delay, does not toll the speedy trial statute absent a showing by the State of good cause.

10. **Rules of the Supreme Court.** Under Neb. Ct. R. § 6-1403 (rev. 2010), all persons entering a county court courtroom while court is in session shall conduct themselves in a quiet and orderly manner.

Appeal from the District Court for Lancaster County: Lori A. Maret, Judge. Affirmed.

Matt Catlett, of Law Office of Matt Catlett, for appellant.

Robert E. Caples, Assistant Lincoln City Prosecutor, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

## INTRODUCTION

Peirce Deon Williams appeals from an order of the district court affirming the county court's decision to overrule his motion for absolute discharge pursuant to our speedy trial statutes.[1] Williams argues that the time for trial ran, entitling him to absolute discharge, and that the district court erred in concluding that two periods of time were excludable under § 29-1207(4). Because we conclude that the county court's finding to exclude one of the periods for good cause[2] was not clearly erroneous, and the time to bring Williams to trial did not run, we affirm the district court's order.

---

[1] See Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016).

[2] See § 29-1207(4)(f).

## FACTUAL BACKGROUND

On or about September 21 to October 12, 2020, Williams was issued a handwritten "Uniform Citation and Complaint" (UC&C) by the Lincoln Police Department for an incident that occurred on September 21.[3] The copy of the UC&C in the record on appeal fails to show that the UC&C included the offense charged and the date of issuance.[4] The UC&C purported to summon Williams to appear before the Lancaster County Court on November 4 at 1:30 p.m. On October 12, the city of Lincoln (State) filed a separate complaint in the Lancaster County Court, which "attached and incorporated" the copy of the UC&C. The State's complaint charged Williams with one count of assault and battery, in violation of Lincoln Mun. Code § 9.12.010 (1990). The record fails to show that Williams was served with the State's filed complaint.[5]

### Initial Proceedings

On November 4, 2020, the matter came before the county court, and Williams did not appear. The court's journal entry and order from that date stated, "telephone message on file," and showed the county court continued the matter to November 12 "on motion of Defense." The record shows that an order to appear in court was "[m]ailed to defendant," ordering Williams to appear in the Lancaster County Court on November 12, 2020, at 1:30 p.m. for "[a]rraignment" and "[f]urther [a]rraignment." Williams did not appear on November 12. The county court issued a bench warrant for Williams' immediate arrest and granted the State leave to amend the complaint to add a count for failure to appear. Williams was charged with failure to appear under Lincoln Mun. Code § 9.08.110 (1997).

---

[3] See, Neb. Rev. Stat. § 29-422 (Cum. Supp. 2022); Neb. Ct. R. § 6-1463 (rev. 2019).

[4] See Neb. Rev. Stat. §§ 29-423 and 29-424 (Reissue 2016).

[5] See Neb. Rev. Stat. §§ 29-404 and 29-425 (Reissue 2016).

On January 27, 2021, Williams voluntarily appeared before the county court. The county court held a hearing and advised Williams of the charges against him for assault and battery and failure to appear. Williams pled not guilty, and a docket call hearing was set for February 24. On February 24, the court set the matter for trial on April 12, precisely 6 months after the State filed its complaint.

On April 12, 2021, when the matter came before the county court for trial, Williams began to record a video of the proceeding with his cellular telephone. The court made multiple requests for Williams to cease recording, citing local court rules. In response, Williams stated that "if you don't let me [record], then . . . I can't do nothing about that." He continued that "if it was a problem, Your Honor, I believe you would have [taken] my phone." Williams told the court to "do whatever you feel you need to do," but that he would not voluntarily stop recording. On its own motion, the court continued the case "to give [Williams] an opportunity to seek some advice, to consider what the Court is directing here and to come back and be ready for trial without your phone on."

The matter again came before the court for trial on June 8, 2021, and Williams did not appear. The court issued a bench warrant and gave the State leave to amend the complaint to add another count for failure to appear. On July 12, Williams appeared at a docket call hearing, and a third trial date was set for the morning of August 23. Williams did not appear for the morning trial date. The court issued a bench warrant and gave the State leave to amend the complaint to add another count for failure to appear. Williams appeared that same afternoon, and the court set a fourth trial date for September 21. Williams did not appear on the fourth trial date. The court issued a bench warrant and gave the State leave to amend the complaint to add another count for failure to appear. The amended complaint charged one count of assault and battery and four counts of failure to appear. Because the State

now sought to impose a jail sentence, the court appointed a public defender.

On September 22, 2021, Williams appeared before the court. The court ordered Williams detained and set bond, and a fifth trial date was set for October 20. On September 24, Williams filed a motion for discovery. On October 13, the State moved to continue the trial, and the matter was set for trial on November 10. On November 10, a seventh trial date was set for December 13 at the State's request and over Williams' objection.

### MOTION FOR ABSOLUTE DISCHARGE

On November 11, 2021, Williams moved for an absolute discharge of the assault and battery charge on statutory speedy trial grounds.[6] At a hearing on the motion, the judicial administrator for Lancaster County Court testified for the State. Relevant to this appeal, the judicial administrator testified that the court had a system of taking telephonic messages by writing messages on a "purple half sheet of paper," initialing it, and placing it on the court file. The State introduced a copy of a telephone message sheet that was attached to Williams' file on November 4. The copy indicated a triangle in the space designated for the name of the caller. The judicial administrator testified that a triangle is used to indicate the defendant and that thus, the message indicated that Williams called the court before his initial scheduled court appearance and asked for a continuance. She then testified that message sheets are not "imaged in," and do not become part of a certified court file, and that she did not create this message sheet or speak with Williams on November 4. The State offered the copy of the telephonic message, and Williams objected on the grounds of hearsay, authentication, and lack of foundation. Over Williams' objections, the court received the copy of the telephonic message into evidence as exhibit 2.

---

[6] See §§ 29-1207 and 29-1208.

The county court found that the period from November 4, 2020, through April 12, 2021, was excludable under § 29-1207(4)(b) and (d) because Williams requested the initial November 4, 2020, appearance to be continued[7] and, due to his failure to appear on November 20,[8] trial was not to begin in the matter until April 12, 2021. The county court also found that the period from April 12 through June 8 was excludable for good cause under § 29-1207(4)(f), due to Williams' behavior "making it impossible for the trial to go forward" on April 12. Williams timely appealed from the county court's order overruling his motion to the district court.

## Appeal to District Court

On appeal to the district court, Williams raised two primary arguments relevant to this appeal. First, he argued that the period between November 4, 2020, and April 12, 2021, was not excludable under § 29-1207(4)(b) or (d) because the UC&C was void and, thus, an ineffective summons. Second, Williams argued that the period from April 12 through June 8 was not excludable because no good cause existed under § 29-1207(4)(f). Williams asserted that the record showed he was prepared to proceed with the trial on April 12. Williams contended that instead of continuing the matter, the county court could have ordered a sheriff's deputy to seize Williams' cellular telephone and proceeded with the trial as scheduled or found Williams in contempt.

The district court rejected Williams' arguments. It concluded that the period from November 4, 2020, through April 12, 2021, was excludable under § 29-1207(4)(b) because Williams requested an indefinite continuance on November 4 and that consequently, his failure to appear on November 12 had no bearing under § 29-1207(4). The court also concluded that good cause existed to exclude the period from April

---

[7] See § 29-1207(4)(b).

[8] See § 29-1207(4)(d).

12 to June 8, 2021, because Williams' conduct prevented the trial from occurring, since "[a] trial cannot proceed if a party refuses to listen to the judge's directions." Williams appeals.

## ASSIGNMENTS OF ERROR

Williams assigns the district court erred in (1) affirming the county court's denial of his motion for absolute discharge and (2) finding no error in the county court's receipt of exhibit 2, the copy of the telephonic message, into evidence.

## STANDARD OF REVIEW

[1] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.[9] Statutory interpretation presents a question of law which an appellate court reviews independently of the lower court.[10]

## ANALYSIS

[2] On appeal, Williams challenges only the excludability under § 29-1207(4) of the time periods from November 4, 2020, through April 12, 2021, and April 12 through June 8. Williams conceded at oral argument that reversal was warranted only if we concluded that both periods were chargeable to the State. Because we conclude that good cause existed to exclude the period from April 12 through June 8, we do not address Williams' other arguments or his second assignment of error. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[11]

---

[9] *State v. Coomes*, 309 Neb. 749, 962 N.W.2d 510 (2021).

[10] *132 Ventures v. Active Spine Physical Therapy, ante* p. 45, 982 N.W.2d 778 (2022).

[11] *State v. Yzeta, ante* p. 202, 983 N.W.2d 124 (2023).

[3-5] It is well-established that our speedy trial statutes, §§ 29-1207 and 29-1208, apply to prosecutions on complaint and of city ordinance violations.[12] If a defendant is not brought to trial by the 6-month speedy trial deadline, as extended by any excluded periods, he or she is entitled to absolute discharge from the offense charged and for any other offense required by law to be joined with that offense.[13] To calculate the time for speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried.[14] In this case, the complaint was filed on October 12, 2020, so absent any excludable time, the State had until April 12, 2021, to bring Williams to trial.

[6] Section 29-1207(4)(f) provides that "[o]ther periods of delay not specifically enumerated" in the statute shall be excluded in the speedy trial computation, "but only if the court finds that they are for good cause." We have held that "good cause," for purposes of § 29-1207(4)(f), means a substantial reason, one that affords a legal excuse.[15] We have also recognized that good cause is something that must be substantial but is also a factual question dealt with on a case-by-case basis.[16]

[7-9] When a trial court relies on § 29-1207(4)(f) to exclude time from the speedy trial calculation, a general finding

---

[12] See, *State v. Lebeau*, 280 Neb. 238, 784 N.W.2d 921 (2010); *State v. Stevens*, 189 Neb. 487, 203 N.W.2d 499 (1973). See, also, *State v. Webb*, 311 Neb. 694, 974 N.W.2d 317 (2022); *State v. Chapman*, 307 Neb. 443, 949 N.W.2d 490 (2020).

[13] *State v. Space*, 312 Neb. 456, 980 N.W.2d 1 (2022). See § 29-1208.

[14] *State v. Nelson, ante* p. 464, 984 N.W.2d 620 (2023).

[15] *State v. Coomes, supra* note 9. See, *State v. Moody*, 311 Neb. 143, 970 N.W.2d 770 (2022); *State v. Brown*, 310 Neb. 224, 964 N.W.2d 682 (2021).

[16] See *State v. Coomes, supra* note 9.

of "good cause" will not suffice.[17] Instead, the court must make specific findings as to the good cause which resulted in the delay.[18] A trial court's good cause findings must be supported by evidence in the record, and the State bears the burden of establishing facts showing that good cause existed.[19] An appellate court will give deference to such factual findings unless they are clearly erroneous.[20] Under § 29-1207, a continuance by the court's own motion, or judicial delay, does not toll the speedy trial statute absent a showing by the State of good cause.[21]

The county court found that good cause existed to exclude the period from April 12 to June 8, 2021, based on Williams' conduct and refusal to stop recording the proceeding with his phone. It is somewhat puzzling that the State did not offer the transcript of the April 12, 2021, proceeding, or at least join in the offer made by Williams. However, to meet its burden of proving excludable time under § 29-1207(4), the State is entitled to rely on evidence offered by the defendant and received by the court.[22] We agree with the district court that this finding was not clearly erroneous.

Although Williams was entitled to a trial, he was not entitled to a trial in the manner of his choosing. Trials have rules. For the effectual administration of justice and the prompt disposition of judicial proceedings, the Supreme Court may promulgate rules of practice and procedure for all courts.[23] Likewise, each county court may recommend local rules

---

[17] See *id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *State v. Moody, supra* note 15. See *State v. Chase*, 310 Neb. 160, 964 N.W.2d 254 (2021).

[22] *State v. Coomes, supra* note 9.

[23] Neb. Const. art V, § 25.

for approval by the Supreme Court.[24] The Lancaster County Court permits recording in the courtroom only under particular conditions for the purpose of gathering and disseminating news to the public.[25] Williams has not argued, nor is any evidence found in the record, that he satisfied the enumerated conditions to record the April 12, 2021, proceeding.

[10] Moreover, in Nebraska, all persons entering a county court courtroom while court is in session shall conduct themselves in a quiet and orderly manner.[26] Williams acknowledged before the county court that the court "has vast powers to control its courtroom." Yet, he argues that instead of continuing the matter, the county court should have exercised its authority by "confiscat[ing his] phone for the duration of the trial" or holding him in contempt.[27] But it is within the inherent power of the court, not at Williams' discretion, to choose how the court exercises its authority to control its courtroom.[28]

Williams conceded before the county court that had he been held in contempt, the resulting period of delay would be excluded under § 29-1207(4)(a) as an "other proceeding[] concerning the defendant." Compared with the court's option to hold Williams in contempt, we view the county court's decision to continue the matter as one of leniency. We decline to hold that the county court misused its authority in affording leniency to Williams.

---

[24] See Neb. Ct. R. § 6-1448 (rev. 2022).

[25] See Rules for Expanded Media Coverage in Neb. Trial Cts: Third Jud. Dist. Cty. Ct. (rev. 2014).

[26] Neb. Ct. R. § 6-1403 (rev. 2010).

[27] Brief for appellant at 29.

[28] See, *Ecker v. E & A Consulting Group*, 302 Neb. 578, 924 N.W.2d 671 (2019); *Kovarik v. County of Banner*, 192 Neb. 816, 224 N.W.2d 761 (1975); *Pressey v. State*, 173 Neb. 652, 114 N.W.2d 518 (1962); *In re Dunn*, 85 Neb. 606, 124 N.W. 120 (1909).

Still, the court's leniency has limits. It was Williams' disorderly conduct and failure to comply with court rules that impeded the business of the court. The county court was not clearly erroneous in finding that there was a substantial reason that afforded a legal excuse to exclude the resulting period of delay.

## CONCLUSION

The county court's finding that good cause existed to exclude the period from April 12 through June 8, 2021, was not clearly erroneous. In light of Williams' concession that every day from June 8 through the filing of his motion to discharge was excluded, the time to bring Williams to trial has not passed. Accordingly, the district court did not err in affirming the county court's overruling of Williams' motion for absolute discharge.

AFFIRMED.