Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/08/2024 09:15 AM CST

STATE OF NEBRASKA, APPELLEE, V.
JUSTIN N. RASHAD, APPELLANT.
___ N.W.3d ___

Filed March 8, 2024.    No. S-22-097.

1. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question that will be affirmed on appeal unless clearly erroneous.

2. **Judgments: Appeal and Error.** Under a clearly erroneous standard of review, an appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party, resolving evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence.

3. **Speedy Trial: Statutes.** The statutory right to a speedy trial is set forth in Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016).

4. **Speedy Trial.** If a defendant is not brought to trial by the 6-month speedy trial deadline, as extended by any excluded periods, he or she is entitled to absolute discharge from the offense charged and for any other offense required by law to be joined with that offense.

5. **Speedy Trial: Good Cause: Words and Phrases.** "Good cause," for purposes of Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016), means a substantial reason and one that affords a legal excuse. Good cause is a factual question dealt with on a case-by-case basis.

6. **Good Cause: Proof.** A trial court's good cause findings must be supported by the evidence in the record, and the State bears the burden of establishing facts showing that good cause existed.

7. **Speedy Trial.** To calculate the time for speedy trial purposes, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) to determine the last day the defendant can be tried.

8. **Judges: Witnesses: Testimony.** The judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve the point. This rule applies not only to formal testimony but also to whenever the judge assumes the role of a witness.
9. **Speedy Trial: Pretrial Procedure.** Oral or other informal statements are obviously a poor procedure when speedy trial rights are involved.

Petition for further review from the Court of Appeals, Pirtle, Chief Judge, and Arterburn and Welch, Judges, on appeal thereto from the District Court for Douglas County, Marlon A. Polk, Judge. Judgment of Court of Appeals reversed and remanded with directions.

Thomas C. Riley, Douglas County Public Defender, Korey T. Taylor, and Cindy A. Tate for appellant.

Douglas J. Peterson, Attorney General, Kimberly A. Klein, and Erin E. Tangeman for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.

## INTRODUCTION
The Nebraska Court of Appeals affirmed the order of the district court for Douglas County, Nebraska, overruling Justin N. Rashad's motion for absolute discharge under Nebraska's speedy trial statutes. We granted Rashad's petition for further review. On further review, Rashad argues that the Court of Appeals' decision was erroneous because the State failed to meet its evidentiary burden to show good cause to continue his case past the 6-month speedy trial deadline. We agree. Accordingly, we reverse the decision of the Court of Appeals and remand the cause to the Court of Appeals with directions as set forth below.

## BACKGROUND
In an information filed on April 12, 2021, Rashad was charged with first degree assault and use of a firearm to

commit a felony in connection with the shooting of his father. Rashad subsequently filed a motion for discovery, which was granted 2 days later. Rashad also filed a motion that resulted in a pretrial conference being continued from May 24 until June 22.

At the pretrial conference on June 22, 2021, Rashad requested that a jury trial be scheduled within the statutory 6-month speedy trial period. The trial was then set for October 18. However, shortly before the trial was scheduled to begin, the parties were informed that Rashad's case was going to be continued because the judge had another trial scheduled to begin on October 13.

## Hearing Regarding Continuance

Subsequently, on October 26, 2021, the district court held a hearing regarding the continuance of the trial. The hearing began with the State observing that the trial had been scheduled for October 18, but that "the Court let us know that [Rashad's trial] would be continued because the Court was in a[nother] jury trial." The State then asked that the case be continued for good cause.

Rashad agreed that "the Court" informed the parties that it "did not have the availability to try [his] case last week." However, Rashad indicated that he was "very concerned about his speedy trial [rights]" and that he objected to a continuance.

The State responded that the case had been set for trial within 6 months of the date when the information was filed, but that the trial could not be commenced within that time "due to another trial being set the week before [Rashad's trial] and going into [his] jury trial time." As a result, the State argued, "the Court should make a good cause finding [for] continuing this trial."

The judge then asked counsel about their availability for the rescheduled jury trial. After the judge indicated that he heard jury trials during the last 2 weeks of each month, the

State's counsel indicated that counsel's earliest availability was
February 2022. Counsel for Rashad responded that "to have
a speedy trial that would be sometime in the November time
frame" and that "February [was] going out rather far at this
point in time." However, Rashad's counsel also stated that his
schedule was "pretty open" for February, but he had matters
set for January.

Counsel for the State replied that if Rashad's counsel was
"already set for January and February's the first availability,
. . . that's probably the way to do it." Rashad's counsel coun-
tered that he was available in November 2021 if the court was,
but the trial judge indicated that he had a 2-week trial "spe-
cially set" for November.

The district court then concluded:

[B]ased upon the record that has been made regarding
the continuances and the Court being in trial and the
availability of both counsel, the Court is going to make a
good cause finding that this trial that was scheduled for
October 18th, 2021, should be and hereby is continued.
And the trial setting that the Court has available, based
upon the Court's trial calendar, where [Rashad's case]
would be the primary case and first up, would be on
Monday, February 14th, 2022.

Following this statement, Rashad's counsel reiterated that
he was available in November and December 2021 and that
his January 2022 case did not have a "speedy trial portion."
Rashad's counsel also indicated that although he had a 2-week
trial set for February 14, Rashad's case "would take prece-
dence" for him.

The judge left the case set for February 14, 2022.

### Hearing on Motion for
### Absolute Discharge

Thereafter, at a hearing on February 3, 2022, Rashad essen-
tially made an oral motion for absolute discharge on statutory
speedy trial grounds, arguing that the county attorney failed

to perform his duty under Neb. Rev. Stat. § 29-1205 (Reissue 2016) to bring to the attention of the trial court any cases falling within Nebraska's speedy trial statutes and advise the trial court of facts relevant in determining the order of cases to be tried. Rashad also argued that the State provided insufficient evidence for the district court to find good cause to continue the trial. Rashad claimed that although the court had another trial on October 18, 2021, there was "no information to say that [he] should not have been in court in November, January, or December."

The State responded that the transcript of the October 26, 2021, hearing, which was admitted into evidence, was

dispositive as to the issue because the Court found that there was good cause to continue the matter until February [2022] based on the fact that . . . cases before the Court that had priority over this case would, in effect, have bumped [Rashad's] case. Due to the Court's trial schedule, the soonest availability was February.

The State argued that "although the good cause was granted" after October 18, 2021, the district court specifically found that there was good cause to continue the case until February 14, 2022.

The district court agreed with the State, observing that it

made a good cause finding that the trial on October 18th, 2021, was not able to go forward due to the Court's availability and having a trial going on at that time. And the Court then moved this case. Obviously, couldn't [sic] do it in November because the Court was also in a trial that was scheduled to take place in the November panel, and thus the Court's next available trial date was February 14th, 2022, and that was part of the Court's good cause finding.

After the hearing, Rashad filed a written motion for discharge consistent with the arguments that he made at the hearing. The district court subsequently issued a written order, also consistent with its statements at the hearing, overruling

Rashad's written motion. In that order, the district court stated that the trial it had set for the week of October 13, 2021, was a "homicide trial."

## Court of Appeals' Decision

Rashad appealed to the Court of Appeals, a majority of which affirmed the order of the district court overruling his motion for absolute discharge.[1] In doing so, the majority cited *State v. Alvarez*[2] and its progeny for the proposition that "docket congestion in trial courts can constitute good cause for delay in speedy trial calculations."[3] The majority conceded that the record in this case was "thin," but it nonetheless found that the district court did not clearly err in finding that there was good cause to continue Rashad's trial given the evidence in the record.[4]

Specifically, as to the continuance of the October 2021 trial date, the majority observed that although there was no formal stipulation, counsel for Rashad and counsel for the State "agreed to the fact that the [district] court was overseeing a different criminal trial at the time Rashad's trial was set to begin."[5] The majority then stated that it gave deference to the finding that the district court was presiding over another trial on October 18 and that "[b]ased on the acknowledgment from both parties," it could not find that this factual finding was clearly erroneous.[6] Therefore, the majority found that there was good cause for the district court to continue Rashad's trial from October 18.

As to rescheduling Rashad's jury trial to February 2022, the majority acknowledged Rashad's argument that even if

---

[1] *State v. Rashad*, 31 Neb. App. 779, 989 N.W.2d 741 (2023).

[2] *State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604 (1972).

[3] *Rashad, supra* note 1, 31 Neb. App. at 788, 989 N.W.2d at 748.

[4] *Id*. at 789, 989 N.W.2d at 748.

[5] *Id*.

[6] *Id*.

there was good cause to continue the October 18, 2021, trial, the State failed to prove good cause to continue the trial past November 12, the expiration of his speedy trial calculation. However, the majority held that "[a]ssuming without deciding that the State would have to make a separate offer of proof of good cause to take Rashad beyond his original speedy trial date [in November]," good cause was present here.[7] The majority observed that the district court determined that good cause was present due to the "unavailability of the court, as well as counsel for both parties," prior to February 14, 2022.[8] Accordingly, the majority found that "based on the court's schedule only, good cause existed at the time the continuance was granted to continue trial beyond the November [2021] speedy trial deadline."[9]

The dissenting judge, in contrast, would have found the record "too thin in relation to the State's burden."[10] The dissenting judge gave deference to the district court's finding that the other trial existed, but indicated that "[t]he issue lies in there being no indication as to why that trial was scheduled ahead of Rashad's trial or why the trial could not have been otherwise accommodated."[11]

Rashad petitioned for further review, which we granted.

## ASSIGNMENT OF ERROR

Rashad assigns, restated, that the Court of Appeals erred in affirming the district court's order denying his motion for absolute discharge.

## STANDARD OF REVIEW

[1,2] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a

---

[7] *Id*. at 790, 989 N.W.2d at 749.

[8] *Id*.

[9] *Id*.

[10] *Id*. at 798, 989 N.W.2d at 753 (Welch, J., dissenting).

[11] *Id*. at 797, 989 N.W.2d at 753.

factual question that will be affirmed on appeal unless clearly erroneous.[12] Under a clearly erroneous standard of review, an appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party, resolving evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence.[13]

## ANALYSIS

[3,4] The sole question presented here is whether Rashad was entitled to absolute discharge on statutory speedy trial grounds. The statutory right to a speedy trial is set forth in Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016).[14] Under those statutes, if a defendant is not brought to trial by the 6-month speedy trial deadline, as extended by any excluded periods, he or she is entitled to absolute discharge from the offense charged and for any other offense required by law to be joined with that offense.[15]

[5,6] Specific periods of delay are required under § 29-1207(4)(a) through (e) to be excluded in computing the time for trial. However, § 29-1207(4)(f) also excludes "[o]ther periods of delay not specifically enumerated . . . , but only if the court finds that they are for good cause." "Good cause," for purposes of § 29-1207(4)(f), is not defined by statute. However, we have previously held that "good cause," as used in the speedy trial statutes, means a substantial reason and one that affords a legal excuse.[16] Good cause is a factual question dealt with on a case-by-case basis.[17] A trial court's good cause findings must be supported by the evidence in the record,

---

[12] *State v. Williams*, 313 Neb. 981, 987 N.W.2d 613 (2023).

[13] *State v. Chase*, 310 Neb. 160, 964 N.W.2d 254 (2021).

[14] *State v. Nelson*, 313 Neb. 464, 984 N.W.2d 620 (2023).

[15] *Williams, supra* note 12.

[16] *Id*.

[17] See *id*.

and the State bears the burden of establishing facts showing that good cause existed.[18]

[7] To calculate the time for statutory speedy trial purposes, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried.[19] Applying this formula in the present case, the parties agree that the information was filed on April 12, 2021, and that based on the exclusion of 31 days of delay attributable to Rashad, the last day for trial would have been November 12, 2021. The dispute concerns whether the State met its burden of establishing facts showing that there was good cause to continue Rashad's jury trial from October 18, 2021, until February 14, 2022.

The State argues that "if there is any evidence of good cause in the record,"[20] it met its burden, and it specifically points to evidence showing that "[t]he court was . . . unavailable at the time this case was set for trial because it was already involved in the trial of another case . . . ."[21] The State also maintains that "[t]he evidence from the October [2021] hearing contains essentially a stipulation that the court informed the parties" of its unavailability on October 18.[22] Rashad, in contrast, argues that "[t]here is no evidence to support a finding of good cause to continue [his] trial."[23] Specifically, Rashad argues that the continuance was "solely based on the trial court's statement and the State's statement as to their general unavailability until February [2022]."[24]

---

[18] *Id.*

[19] *Nelson, supra* note 14.

[20] Brief for appellee at 9-10.

[21] *Id.* at 11.

[22] *Id.* at 10.

[23] Brief for appellant at 14.

[24] *Id.* at 17-18.

Rashad claims that this evidence was not enough to show good cause under *Alvarez* and related cases.

We have expressly or impliedly recognized that docket congestion can constitute good cause for delay under Nebraska's speedy trial statutes.[25] However, our prior decisions affirming a trial court's finding that docket congestion was good cause for delay have involved more substantial evidentiary records than that in the present case.

For example, in *Alvarez*, we observed that there was testimony from the clerk of the district court, as well as other evidence, showing the number of criminal and civil cases filed in the district court in the prior calendar year and the first 6 months of the current calendar year, the number of criminal and civil cases disposed of in the prior calendar year, the number of days actually utilized for trial during the defendant's 6-month speedy trial period, and the court and other activities occupying the trial judge on each day during the speedy trial period.[26] There was also evidence that no court reporter was available to the judge for a period of 12 days.[27] Based on this evidence, we found that we could not say that the district court's implicit finding that the delay was occasioned by docket congestion was not supported by the evidence.[28] As such, we affirmed the district court's order denying the defendant's motion for absolute discharge on statutory speedy trial grounds.[29]

---

[25] See, *State v. Moody*, 311 Neb. 143, 970 N.W.2d 770 (2022); *State v. Abernathy*, 310 Neb. 880, 969 N.W.2d 871 (2022); *State v. Gnanaprakasam*, 310 Neb. 519, 967 N.W.2d 89 (2021); *State v. Brown*, 310 Neb. 224, 964 N.W.2d 682 (2021); *Chase, supra* note 13; *State v. Billingsley*, 309 Neb. 616, 961 N.W.2d 539 (2021); *State v. Sommer*, 273 Neb. 587, 731 N.W.2d 566 (2007); *Alvarez, supra* note 2.

[26] See *Alvarez, supra* note 2.

[27] *Id*.

[28] *Id*.

[29] *Id*.

We took a similar view in *State v. Moody*.[30] The record there contained an affidavit from the trial judge's bailiff attesting, among other things, that there were "'several months where jury trials were not empaneled, because of the [COVID-19] pandemic'" and that when jury trials resumed, each judge "'was allotted one day for a criminal jury trial to be empaneled for that month.'"[31] The record also contained several orders of the district court, including three orders of continuance, which, in turn, cited orders by the presiding judge of the district court limiting the number of criminal cases to be heard or continuing such cases.[32] In addition, the district court took judicial notice of the files in the case.[33] We found that this record "provide[d] sufficient evidence regarding the context and circumstances that were in existence at the specific periods that the continuances were ordered,"[34] the relevant public health concerns and restrictions, and the effect of such restrictions on the district court's ability to hold jury trials. As a result, we affirmed the district court's order denying the defendant's motion for absolute discharge on statutory speedy trial grounds.

There was similar evidence in other cases.[35]

In Rashad's case, in contrast, the evidence consisted solely of emails regarding the scheduling of the hearing on the continuance and a transcript of that hearing. The emails show that "the Court" indicated at some time prior to September 30, 2021, that Rashad's trial was "getting bumped." The transcript

---

[30] *Moody, supra* note 25.

[31] *Id.*, 311 Neb. at 148, 970 N.W.2d at 775.

[32] *Moody, supra* note 25.

[33] *Id.*

[34] *Id.* at 155, 970 N.W.2d at 780.

[35] See, *Abernathy, supra* note 25; *Gnanaprakasam, supra* note 25; *Brown, supra* note 25; *Chase, supra* note 13. But see *Sommer, supra* note 25 (only evidence was certified copy of journal entries from other case whose trial date had conflicted with defendant's trial date, but those entries showed that defendant in other case had pled guilty and his sentencing was deferred).

of the October 26 hearing similarly shows that the trial judge had another jury trial scheduled for October 13, that the judge also had a trial scheduled for November, and that the prosecutor was not available during the last 2 weeks of any month until February.

[8] Such mere statements of unavailability are, without more, insufficient to show docket congestion existed, such that there was good cause to continue Rashad's jury trial past the statutory 6-month speedy trial deadline. We also note that much of the information about the judge's availability came from statements by the judge. The parties agree that "the Court" told them of the conflict with the October 18, 2021, trial date. It is unclear whether this means the judge or another source. However, even assuming that this specific reference is to someone other than the judge, all the information about the judge's availability in and after November came from statements by the judge. As we have explained, "comments by the trial judge are not evidence."[36] By statute, the judge presiding at the trial may not testify in that trial as a witness.[37] No objection need be made in order to preserve the point.[38] This rule applies not only to formal testimony but also to whenever the judge assumes the role of a witness.[39]

There was some suggestion in the proceedings below that the schedule of Rashad's counsel was among the reasons for

---

[36] *State v. Baird*, 259 Neb. 245, 250, 609 N.W.2d 349, 353 (2000).

[37] Neb. Rev. Stat. § 27-605 (Reissue 2016). See, also, e.g., *Chase, supra* note 13; *In re Interest of J.K.*, 300 Neb. 510, 915 N.W.2d 91 (2018), *abrogated on other grounds, State v. Ezell*, 314 Neb. 825, 993 N.W.2d 449 (2023); *Baird, supra* note 36.

[38] *In re Interest of J.K., supra* note 37.

[39] *Id*. See, also, *State v. Rhoads*, 11 Neb. App. 731, 660 N.W.2d 181 (2003) (trial judge's statement that specific date was first available trial date was not evidence), *overruled on other grounds, State v. Petty*, 269 Neb. 205, 691 N.W.2d 101 (2005); *State v. Roundtree*, 11 Neb. App. 628, 658 N.W.2d 308 (2003) (ignoring any facts that trial judge related that were not otherwise supported by bill of exceptions or that may not be properly judicially noticed).

finding that there was good cause to continue Rashad's trial past November 12, 2021, the expiration of his speedy trial calculation. We reject such a suggestion under the facts and circumstances of this case. While Rashad's counsel participated in another trial the week of October 18, he indicated that Rashad's trial "would've taken precedence, from a speedy trial perspective," if it had been held as scheduled. Rashad's counsel made a similar statement about the case he had scheduled for January 2022. Otherwise, Rashad's counsel made clear that he was available in November and December 2021.

[9] As Nebraska courts have stated, oral or other informal statements are obviously a poor procedure when speedy trial rights are involved.[40] The situation here could have been avoided if the trial court had issued a written order on the motion for a continuance. Such an order could have articulated the reason for the continuance of the trial and put the State on notice as to the evidence that it would need to present at any subsequent hearing on a motion for absolute discharge. Additionally, in lieu of statements by the trial judge, in particular, the State could have introduced other evidence to substantiate docket congestion, such as scheduling issues or case priorities.[41] The State took no such steps in this case.

As a result, we agree with Rashad that the State failed to meet its burden to prove by a preponderance of the evidence that there was good cause to continue his jury trial.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the Court of Appeals with directions to reverse the order of the district court and remand the cause to the district court with directions to grant Rashad's motion for absolute discharge.

Reversed and remanded with directions.

---

[40] *State v. Vela-Montes*, 19 Neb. App. 378, 807 N.W.2d 544 (2011); *State v. Shipler*, 17 Neb. App. 66, 758 N.W.2d 41 (2008); *Roundtree, supra* note 39.

[41] Cf., *Baird, supra* note 36; *Rhoads, supra* note 39.