IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. DEICHMANN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ANTHONY J. DEICHMANN, APPELLANT.

Filed April 22, 2025.    Nos. A-24-708 through A-24-710.

Appeals from the District Court for Merrick County: RACHEL A. DAUGHERTY, Judge. Affirmed.

Mitchell C. Stehlik, of Stehlik Law Firm, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Erin E. Tangeman for appellee.

RIEDMANN, Chief Judge, and MOORE and ARTERBURN, Judges.

RIEDMANN, Chief Judge.

## INTRODUCTION

Anthony J. Deichmann appeals from the orders of the district court for Merrick County denying his motions for absolute discharge in three separate cases that have been consolidated for appeal. Finding no clear error in the district court's determination that Deichmann was not entitled to absolute discharge, we affirm the judgment of the district court.

## BACKGROUND

The charging documents at issue in CR23-13, docketed at A-24-708, and CR23-14, docketed at A-24-709, were filed in April 2023, and the cases were consolidated for trial. Trial was scheduled for August but was continued to December. However, in November, Deichmann's counsel asked to continue the trial, and the district court continued the trial to February 2024.

- 1 -

The charging document at issue in CR23-66, docketed at A-24-710, was filed in December 2023. All three cases were then consolidated for trial, which was scheduled for May 2024. In April, Deichmann obtained new counsel. Deichmann's new counsel requested trial be continued, and the district court continued the trial until August. In July, Deichmann filed a motion for absolute discharge, alleging a violation of his statutory right to a speedy trial in all three cases.

Following a hearing, the district court denied the motion in all three cases. It found that in CR23-13 and CR23-14, the excludable time periods fell under Neb. Rev. Stat. § 29-1207(4)(a), (b), or (d) (Reissue 2016) because they were based on Deichmann's failure to appear and his own motions to continue, which extended the trial date beyond the statutory 6-month period. Thus, the district court determined that Deichmann had waived his statutory right to a speedy trial in those two cases. In CR23-66, the district court determined that the excludable time periods fell under § 29-1207(4)(a) or (b) due to Deichmann's own motions to continue that extended the trial date beyond the statutory 6-month period. Thus, the district court determined that Deichmann had waived his statutory right to a speedy trial in that case as well. Deichmann appeals.

ASSIGNMENTS OF ERROR

Deichmann assigns that the district court failed to make findings that continuances granted during the pendency of the matter were for good cause, and that therefore those continuances should not toll his speedy trial rights.

STANDARD OF REVIEW

Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question that will be affirmed on appeal unless clearly erroneous. *State v. Rashad*, 316 Neb. 101, 3 N.W.3d 325 (2024). Under a clearly erroneous standard of review, an appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party, resolving evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Id*.

ANALYSIS

Deichmann assigns that the district court failed to make findings that continuances granted during the pendency of the matter were for good cause, and that therefore the continuances should not toll his speedy trial rights. The statutory right to a speedy trial is set forth in § 29-1207 and Neb. Rev. Stat. § 29-1208 (Reissue 2016). See *State v. Rashad, supra*. Under those statutes, if a defendant is not brought to trial by the 6-month speedy trial deadline, as extended by any excluded periods, he or she is entitled to absolute discharge from the offense charged and for any other offense required by law to be joined with that offense. *Id*. To calculate the time for statutory speedy trial purposes, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried. *State v. Rashad, supra*.

Deichmann does not argue that the district court erred in its calculations; rather, he argues the district court erred in determining certain periods tolled the time to bring him to trial. He argues that pursuant to Neb. Rev. Stat. § 29-1206 (Reissue 2016), the district court was required to make a finding that a continuance was for good cause, and since the district court did not state the

continuances Deichmann requested were for good cause, they should not count against his speedy trial rights.

Here, the district court determined that the excludable time periods fell under § 29-1207(4)(a), (b), or (d). Section 29-1207 provides that certain time periods are excluded when computing the time for speedy trial, including

(a) The period of delay resulting from other proceedings concerning the defendant, including, but not limited to . . . the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence, motions to quash the indictment or information, demurrers and pleas in abatement, and motions for a change of venue; and the time consumed in the trial of other charges against the defendant;

(b) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his or her counsel. A defendant without counsel shall not be deemed to have consented to a continuance unless he or she has been advised by the court of his or her right to a speedy trial and the effect of his or her consent. A defendant who has sought and obtained a continuance which is indefinite has an affirmative duty to end the continuance by giving notice of request for trial or the court can end the continuance by setting a trial date. When the court ends an indefinite continuance by setting a trial date, the excludable period resulting from the indefinite continuance ends on the date for which trial commences. A defendant is deemed to have waived his or her right to speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory six-month period;

. . . [and]

(d) The period of delay resulting from the absence or unavailability of the defendant.

Section 29-1207(4)(f) provides that other periods of delay not specifically listed in the section shall also be excluded but only if the court finds they are for good cause. Notably, § 29-1207(4)(a), (b), and (d) do not include language related to good cause. Thus, although subsection (f) specifically requires that a continuance under that subsection be for good cause, subsections (a), (b), and (d) do not contain this requirement.

Section 29-1206 does provides in part that "in criminal cases in the district court the court shall grant a continuance only upon a showing of good cause. . . ." However, the Nebraska Supreme Court has stated that § 29-1206 does not define whether a defendant's speedy trial right has been violated but instead provides guidance to the court and parties as to the proper standard and procedure for continuances in light of the parties' interests but also the public interest in a reasonably prompt disposition of the case. See *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997). The Supreme Court has held that where continuances are granted at the request of the defendant, the defendant cannot later complain that the court violated § 29-1206 in granting his or her request. See *State v. Turner, supra*.

Here, the continuances were granted at Deichmann's request, and he cannot now complain that the district court violated § 29-1206 in granting them. See *State v. Turner, supra*. Deichmann does not challenge the district court's determination that he waived his statutory right to a speedy

trial in any other respect. As such, we find no clear error in the district court's decision denying Deichmann's motions for absolute discharge. This assignment of error fails.

CONCLUSION

We find the district court did not clearly err in denying Deichmann's motions for absolute discharge, and we affirm the judgment of the district court.

AFFIRMED.