Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/02/2023 09:07 AM CDT

**State of Nebraska, appellee, v.
Justin N. Rashad, appellant.**

___ N.W.2d ___

Filed April 25, 2023.    No. A-22-097.

1. **Judgments: Speedy Trial: Appeal and Error.** A trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question that will be affirmed on appeal unless clearly erroneous.

2. **Judgments: Appeal and Error.** Under a clearly erroneous standard of review, an appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party, resolving evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence.

3. **Speedy Trial: Good Cause: Appeal and Error.** In determining whether the trial court clearly erred in finding good cause after a hearing on a motion for discharge, an appellate court looks not just to the evidence presented at the hearing on the motion for discharge, but to the whole of the record.

4. **Speedy Trial.** If a defendant is not brought to trial before the running of the time for trial as provided in Neb. Rev. Stat. § 29-1207 (Reissue 2016), and as extended by excluded periods, he or she shall be entitled to an absolute discharge from the offense charged.

5. ____. To calculate the time for speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) to determine the last day the defendant can be tried.

6. **Speedy Trial: Proof.** The burden of proof is upon the State to show by a preponderance of the evidence that one or more of the excluded time periods under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) are applicable when the defendant is not tried within a 6-month period.

7. **Good Cause: Words and Phrases.** Good cause has been defined as a substantial reason that affords a legal excuse.

8. **Speedy Trial: Good Cause.** The language of Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016) simply requires that good cause be shown for excluding from the speedy trial clock any other period of time not specifically discussed in the other subsections of that statute.

9. \_\_\_\_: \_\_\_\_. The only timing requirement implicit in Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016) is that the substantial reason affording a legal excuse objectively existed at the time of the delay.

10. **Speedy Trial: Good Cause: Appeal and Error.** When a trial court relies on Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016) to exclude time from the speedy trial calculation, the court must make specific findings as to the good cause which resulted in the delay. An appellate court will give deference to such factual findings unless they are clearly erroneous.

11. **Constitutional Law: Speedy Trial.** Determining whether a defendant's constitutional right to a speedy trial has been violated requires a case-by-case analysis of the applicability of several factors, including the length and reason for the delay.

12. **Speedy Trial.** Analyzing a defendant's statutory speedy trial rights is a relatively simple mathematical computation of whether the 6-month speedy trial clock, as extended by statutorily excludable periods, has expired prior to the commencement of trial.

Appeal from the District Court for Douglas County: MARLON A. POLK, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Korey T. Taylor for appellant.

Douglas J. Peterson, Attorney General, Kimberly A. Klein, and Erin E. Tangeman for appellee.

PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Justin N. Rashad appeals an order of the district court for Douglas County overruling his motion to discharge on statutory speedy trial grounds. Rashad primarily argues that the State failed to sufficiently demonstrate that good cause

existed to continue Rashad's case past the statutory speedy trial deadline. For the reasons set forth below, we affirm.

## BACKGROUND

On April 12, 2021, the State filed an information charging Rashad with first degree assault and use of a firearm to commit a felony. The charges arose from an incident that occurred in February in which Rashad's father was shot. Initially, there were conflicting reports about the identity of the shooter, but Rashad was ultimately identified by his father. Rashad denied he shot his father.

A warrant for Rashad's arrest was issued on March 3, 2021. Rashad was taken into custody on March 7, and a bond was set. After the case was bound over to district court, Rashad filed a motion for discovery on April 13. The motion was granted 2 days later.

A pretrial conference began on May 24, 2021. However, pursuant to a motion filed by Rashad, the district court continued the pretrial conference to June 22. At the June conference, Rashad requested that a jury trial be scheduled for sometime within the 6-month speedy trial period. Rashad also requested a bond reduction. The district court suggested a trial date of October 12. Defense counsel stated that he could be present, if necessary, but that he had other obligations scheduled for that same week. In response, the district court offered a trial date of October 18. The deputy county attorney indicated that either date worked for the State. The district court reduced Rashad's bond and set a jury trial for October 18.

On or about September 27, 2021, the district court informed the attorneys for both parties that it had a homicide jury trial scheduled to commence on October 13 and that as a result, Rashad's trial may have to be continued to a later jury term. In an email to the district court, the State requested that a hearing be set to schedule a new trial date. In a responsive email, Rashad's counsel objected to the continuance of the jury trial, but ultimately indicated that he understood the

court's position. Defense counsel also requested a hearing date to make a record of the continuance and to set a new trial date.

A hearing on the need for a continuance was held on October 26, 2021. At the time of this hearing, the homicide trial was still pending before the court. The State asked the district court to find good cause for a continuance of the jury trial. Rashad's counsel noted that Rashad was very concerned about his right to a speedy trial and objected to the continuance. The following colloquy was then had:

> [Deputy county attorney:] Judge, we were previously scheduled for trial last week on October 18th. We previously had a pretrial scheduled before that. During that previously scheduled pretrial, which, Judge, I don't have the date in front of me, the Court let us know that our jury trial schedule on the 18th would be continued because the Court was in a jury trial, and I believe you still are awaiting a verdict on your jury trial. So I guess today we are asking — I'm asking the Court to continue the case that was scheduled for the 18th, to continue that for good cause, and if the Court wants me to put on more information, I can certainly do that.
>
> THE COURT: [Defense counsel]?
>
> [Defense counsel:] Judge, I spoke with [the prosecutor]. I'm aware of his request as far as the Court and that the Court did inform us — I do agree with him that the Court informed us that the Court did not have the availability to try our case last week because the Court had already started a trial, I believe on the 13th, the Wednesday before, and still remains in that trial right now.
>
> I did speak to . . . Rashad at the jail. You know, he is very concerned about his speedy trial, and in speaking with him, you know, I explained to him what continuances are. So from that perspective, he was ready for trial.

The Court knows — or I think the Court is aware that I was in a trial last week, as well, so it was going to be one of the two that went. But from . . . Rashad's perspective, he would object to the continuance for speedy trial. But, again, I do believe that the Court informed us that the Court did not have availability and let us know that ahead of the trial date, which got me into my other trial as opposed to . . . Rashad's trial. We submit it on that basis.

The district court then inquired about the attorneys' availability for the rescheduled jury trial. The State first requested information about the court's calendar as it related to scheduling within the district. It was then determined that the judge assigned to this case was among the judges within the district whose jury trials were held in the last 2 weeks of each month. In response, each party described his availability accordingly:

[Deputy county attorney:] Judge, my first availability would be . . . the last two weeks of February, is my first availability. And, frankly, Judge, I am wide open those two weeks at the end of February, so whatever date the Court wanted to put it on there, I could do. I don't know what [defense counsel's] calendar looks like, but —

[Defense counsel:] You know, obviously, it would be to the Court's determination, but as far as the February panel, this case was set within the speedy trial allotment. I guess, in my opinion, I would assume that I would still have, if we're trying to do this as fast as possible, to have a speedy trial that would be sometime in the November time frame, where we're adding 28 days to the original Information date. So if we've got an April 12th or so Information date, that takes us to October 12th, so a good month, adding a month onto that, would be around November the 15th.

I was in trial last week. That trial had been continued on my client's motion in order for us to get additional information. I actually assisted him for two months, so

technically, he had longer speedy than . . . Rashad did at that point in time, when the case here was done. So my unavailability, I guess, was 100 percent once the other case before the Court went, that [the Douglas County public defender] was trying. Otherwise, this one would've taken precedence, from a speedy trial perspective, for the two cases that I had.

So February is going out rather far at this point in time. My — If the Court is inclined to use a February calendar, my February calendar at the moment — let me double-check this — is pretty open. I have stuff that's set at the end of January. So if the Court's trials in the last part of January — I do have a case that's been specially set there for two weeks for a homicide case at that point in time.

[Deputy county attorney:] [M]y thought is let's get a date where I know it works for you and I know it works for me so that . . . Rashad's not sitting — we don't come back and have the same situation again in February. I mean, if you're already set for January and February's the first availability, then I think that's probably the way to do it.

[Defense counsel:] I have availability in November if the Court has availability in November.

THE COURT: We actually have a two-weeker [sic] specially set [in November].

The Court, based upon the record that has been made regarding the continuances and the Court being in trial and the availability of both counsel, this Court is going to make a good cause finding that this trial that was scheduled for October 18th, 2021, should be and hereby is continued. And the trial setting that the Court has available, based upon the Court's trial calendar, where you would be on the primary case and first up, would be on Monday, February 14th, 2022. And this matter

will be set for trial on Monday, February 14th, 2022, at 9:00 a.m.

[Defense counsel:] I will mark that on my trial, Judge. I just want to make sure the Court was clear. I know the Court has something in November, but I had availability in November and December because . . . Rashad still has his speedy trial portion, where my case that's specially set in January does not have it.

After this discussion, the district court further reduced Rashad's bond. Rashad bonded out of jail later that same day.

On February 3, 2022, a hearing was held on motions filed. During the hearing, Rashad's counsel informed the court that he was going to file a motion to discharge, because Rashad's statutory right to a speedy trial had been violated when the district court continued the jury trial to February. Defense counsel's motion was not filed prior to the hearing; however, the State did not object to proceeding and the court heard arguments on the issue of Rashad's statutory right to speedy trial. Defense counsel argued that the court's scheduling issues did not constitute good cause for a continuance. Counsel reiterated that he had informed the court that he was available for trial in November, December, and January.

In response to defense counsel's assertions, the State argued that the court correctly found good cause to continue the jury trial from October 2021 due to the court's schedule. Specifically, the State referenced other cases on the court's docket that had priority over Rashad's case. The State indicated its belief that the earliest available date for trial was February 2022. In support of its argument, the State offered a copy of the verbatim transcript from the October 26 scheduling hearing into evidence. Defense counsel offered a copy of the email exchange between counsel and the court discussing scheduling.

About an hour after the February 3, 2022, hearing, Rashad filed a written motion to discharge with the court. The basis

of this motion was that Rashad's statutory right to a speedy
trial had been violated as a result of the continuance of the
jury trial from October 2021 to February 2022.

In a written order filed on February 8, 2022, the district
court reiterated its previous finding that there was good cause
for the continuance of Rashad's jury trial from October 2021
to February 2022 due to the court's being in trial at the time
Rashad's trial was scheduled to be heard and due to the
unavailability of the court, as well as both counsel. Since
the district court found there was good cause for the delay, it
overruled Rashad's motion to discharge. Rashad then filed this
interlocutory appeal.

## ASSIGNMENT OF ERROR

On appeal, Rashad asserts that the district court erred in
denying his motion for absolute discharge under Neb. Rev.
Stat. § 29-1207 (Reissue 2016). Specifically, Rashad argues
that the State failed to demonstrate by a preponderance of the
evidence that "good cause existed sufficient to toll Rashad's
speedy trial rights."

## STANDARD OF REVIEW

[1-3] A trial court's determination as to whether charges
should be dismissed on speedy trial grounds is a factual ques-
tion that will be affirmed on appeal unless clearly erroneous.
*State v. Chase*, 310 Neb. 160, 964 N.W.2d 254 (2021). Under
a clearly erroneous standard of review, an appellate court does
not reweigh the evidence but considers the judgment in a light
most favorable to the successful party, resolving evidentiary
conflicts in favor of the successful party, who is entitled to
every reasonable inference deducible from the evidence. *Id.*
In determining whether the trial court clearly erred in finding
good cause after a hearing on a motion for discharge, we look
not just to the evidence presented at the hearing on the motion
for discharge, but to the whole of the record. *State v. Moody*,
311 Neb. 143, 970 N.W.2d 770 (2022).

## ANALYSIS

Rashad's argument on appeal is twofold. First, Rashad argues that the State failed to sufficiently demonstrate that there was good cause for the continuance of his October 18, 2021, jury trial. In the alternative, Rashad argues that even if there was good cause for the initial continuance, the State failed to prove by a preponderance of the evidence that good cause existed to continue the trial past a November trial date. In its brief, the State maintains that the district court properly found that there was good cause to continue Rashad's trial to February 2022.

Under § 29-1207, a criminal defendant must be brought to trial within 6 months of the filing of the information against him or her. However, § 29-1207 also provides periods that are excludable from this 6-month time limit. As is relevant in this appeal, § 29-1207(4)(f) excludes from the 6-month speedy trial period "[o]ther periods of delay not specifically enumerated in this section, but only if the court finds that they are for good cause."

[4] If a defendant is not brought to trial before the running of the time for trial as provided in § 29-1207, and as extended by excluded periods, he or she shall be entitled to an absolute discharge from the offense charged. *State v. Coomes*, 309 Neb. 749, 962 N.W.2d 510 (2021).

[5,6] To calculate the time for speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried. *State v. Chase, supra*. The burden of proof is upon the State to show by a preponderance of the evidence that one or more of the excluded time periods under § 29-1207(4) are applicable when the defendant is not tried within a 6-month period. *State v. Chase, supra*.

The State filed an information charging Rashad on April 12, 2021. Applying the calculations to Rashad's case, the

State had until October 12, 2021, to bring him to trial before any excludable time is considered. Due to Rashad's motion for discovery and request to continue the pretrial conference, a period of 31 days is excludable from the speedy trial period under § 29-1207(4)(a) and (b). We note that Rashad does not dispute that these 31 days are excludable. As a result of this excluded time, the State had until November 12 to bring Rashad to trial.

Rashad's original trial date of October 18, 2021, was clearly within the speedy trial period. However, Rashad's trial was then rescheduled to February 14, 2022, well beyond the expiration of the previously applicable speedy trial period. We now turn our discussion to whether there was an additional excludable period that extended the speedy trial deadline to at least February 14, 2022.

[7-10] Good cause has been defined as a "substantial reason that affords a legal excuse." *State v. Chase*, 310 Neb. 160, 172, 964 N.W.2d 254, 263 (2021). The language of § 29-1207(4)(f) simply requires that good cause be shown for excluding from the speedy trial clock any other period of time not specifically discussed in the other subsections of that statute. See *State v. Chase, supra.* The only timing requirement implicit in § 29-1207(4)(f) is that the substantial reason affording a legal excuse objectively existed at the time of the delay. *State v. Chase, supra.* The appellate courts of this state have previously recognized that docket congestion in trial courts can constitute good cause for delay in speedy trial calculations. See, *State v. Sommer*, 273 Neb. 587, 731 N.W.2d 566 (2007); *State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604 (1972); *State v. Ostermeier*, 31 Neb. App. 322, 979 N.W.2d 546 (2022). The Nebraska Supreme Court has recognized that good cause is a factual question dealt with on a case-by-case basis. *State v. Moody*, 311 Neb. 143, 970 N.W.2d 770 (2022). When a trial court relies on § 29-1207(4)(f) to exclude time from the speedy trial calculation, the court must

make specific findings as to the good cause which resulted in the delay. *State v. Moody, supra*. An appellate court will give deference to such factual findings unless they are clearly erroneous. *Id.*

The record in this case is thin. The district court found good cause for a continuance of the October 18, 2021, trial date, based on the court's having another criminal jury trial with priority over Rashad's case that lasted well beyond the scheduled October 18 trial date. The court also considered its own docket, as well as the schedules of both the State and defense counsel, in determining that the next available date for the jury trial was not until February 2022. The court specifically noted that it already had a specially set 2-week criminal jury trial scheduled in November 2021. The court found that based on its own schedule, as well as the attorneys' schedules, the case should be set on the first day it could be scheduled as the primary case for trial, that being February 14, 2022.

Though there was no formal stipulation, based upon our reading of the record, both the State and defense counsel agreed to the fact that the court was overseeing a different criminal trial at the time Rashad's trial was set to begin. At the October 26, 2021, scheduling hearing, Rashad's counsel acknowledged that

> the Court did inform us — I do agree with him that the Court informed us that the Court did not have the availability to try our case last week because the Court had already started a trial, I believe on the 13th, the Wednesday before, and still remains in that trial right now.

We give deference to the finding that the district court was still presiding over another trial on October 18, 2021, when Rashad's trial was originally scheduled. Based on the acknowledgment from both parties, we cannot find that this factual finding is clearly erroneous. As such, we find that there was good cause for the district court to continue Rashad's trial from October 18.

We now turn to the rescheduling of Rashad's jury trial to February 2022. After discussions with both parties, the district court rescheduled Rashad's trial to begin on February 14, 2022. Rashad argues that the State did not sufficiently demonstrate that there was good cause to continue the jury trial beyond November 12, 2021, the expiration of his speedy trial calculation. The State counters that the February 14, 2022, date was part of the court's good cause finding and that the only timing requirement delineated within § 29-1207(4)(f) is that the good cause existed at the time of the delay.

Within the district, the court presiding over Rashad's case was assigned to the "B panel," meaning that the court's jury trials were to take place during the last 2 weeks of every month. Even if the court had been available in November 2021, it is most likely that Rashad's trial still would have been scheduled outside of the speedy trial deadline. Assuming without deciding that the State would have to make a separate offer of proof of good cause to take Rashad beyond his original speedy trial date, we hold that good cause was present in this case. As discussed in more detail below, the court made a determination that good cause was present due to the unavailability of the court, as well as counsel for both parties. After much discussion, it was determined that February 14, 2022, was the earliest available date for all parties involved. We find that based on the court's schedule only, good cause existed at the time the continuance was granted to continue trial beyond the November speedy trial deadline.

[11,12] We pause here to discuss the difference between a statutory and constitutional right to a speedy trial. The Supreme Court recently discussed this difference in *State v. Abernathy*, 310 Neb. 880, 969 N.W.2d 871 (2022), holding that unlike statutory speedy trial determinations, constitutional speedy trial determinations are not immediately appealable. First, the court noted that it has long been acknowledged that the constitutional right to a speedy trial and the

statutory implementation of that right exist independently of each other. *Id.* The court then continued its analysis, saying,

> Moreover, those independent rights are subject to very different modes of analysis, with the statutory speedy trial right analyzed as essentially a math problem with no requirement of prejudice, see *State v. Gnanaprakasam*, [310 Neb.] 519, 967 N.W.2d 89 (2021), while the question of whether the constitutional right has been violated is determined through the application of a multifactor balancing test in which prejudice to the defendant is one of the factors, see *State v. Brown*, [310 Neb.] 224, 964 N.W.2d 682 (2021). We recognize that we have said that the statutory speedy trial deadline "provides a useful standard for assessing" one of the factors in that multifactor balancing test.

*State v. Abernathy*, 310 Neb. at 894, 969 N.W.2d at 881. Determining whether a defendant's constitutional right to a speedy trial has been violated requires a case-by-case analysis of the applicability of several factors, including the length of and reason for the delay. See *State v. Brooks*, 285 Neb. 640, 828 N.W.2d 496 (2013). In contrast, analyzing a defendant's statutory speedy trial rights is a relatively simple mathematical computation of whether the 6-month speedy trial clock, as extended by statutorily excludable periods, has expired prior to the commencement of trial. *State v. Lintz*, 298 Neb. 103, 902 N.W.2d 683 (2017). However, when ruling on a motion to discharge, the court is required to make specific findings regarding the statutorily excludable periods. *Id.*

Given this difference, we will not consider prejudice to Rashad, length of the continuance, or reason for delay in our statutory analysis. Instead, we limit our review to whether the court clearly erred in making specific findings of good cause for Rashad's case to be continued to February 14, 2022.

The district court's finding of good cause was based first on the fact that the court was in trial and second on the

availability of the court and the parties. Again, we look to the record from the October 26, 2021, hearing that was admitted into evidence. Defense counsel indicated he was available for trial in November, but the State indicated that its first availability was in February 2022. Rashad's counsel pointed out that he was concerned that February was "going out rather far." However, the court already had a trial scheduled in November 2021 that took priority over Rashad's case. Rashad's counsel also indicated that he was scheduled for a 2-week homicide trial in January 2022 in another court. There was no discussion about December. Given the multiple conflicts present, the court chose to avoid future continuances by setting the trial for February 14, 2022, a date when Rashad's trial would receive top priority. After reviewing the whole record, we cannot say that the court's finding was clearly erroneous.

In *State v. Roundtree*, 11 Neb. App. 628, 658 N.W.2d 308 (2003), this court concluded that oral statements made by the prosecutor could serve as the factual basis for a motion to continue. In reaching this conclusion, we emphasized that both parties were present and represented by counsel and that defense counsel did not question the procedure used. *Id.* We further reasoned that even though the prosecutor was not under oath at the time, he was speaking of facts within his knowledge, and that it would have been simple for either party to request that the judge swear the prosecutor. *Id.* Here, similarly, the court relied on the oral statements of the prosecutor and defense attorney as they related to scheduling. Defense counsel was present for this discussion and did not question the process or the facts at the time of this discussion. Though the evidence presented was thin, the court reasonably relied on the statements and knowledge of the prosecutor in making its findings. In the written order overruling the motion to discharge, the district court made the requisite specific findings of good cause due to the schedules of the court and both parties. Because specific good cause was found for the October

2021 continuance, we affirm the district court's order overruling Rashad's motion for discharge.

## CONCLUSION

We find that the district court did not err in finding that good cause existed to continue Rashad's case. We therefore affirm the district court's order denying Rashad's motion for discharge.

AFFIRMED.

WELCH, Judge, dissenting.

I respectfully dissent from the majority's conclusion that Rashad's statutory speedy trial rights were not violated on this record. The critical dates governing Rashad's claim for discharge are not in dispute. The information was filed by the State on April 12, 2021, and after adding 31 days for delays attributable to Rashad, the revised speedy trial deadline was November 12. Mindful of that deadline, the trial court scheduled Rashad's trial for October 18. The trial did not take place on that date for reasons first explained during a hearing held on October 26. At that hearing, the State made an oral motion for continuance. No exhibits were offered or received at that hearing. Instead, the State orally indicated that the court communicated with counsel prior to the date of the scheduled trial that it was unavailable because the court was in another jury trial. Although both counsel acknowledged the court's communication, neither counsel nor the district court judge provided any detail as to why the other trial took precedence over this one. Instead, the court simply granted the State's oral motion to continue and commenced a discussion governing a rescheduling of the trial. Defense counsel made the court aware of the November speedy trial deadline, objected to the continuance, and requested that the trial be set in November. The court indicated that it had another trial set in November and eventually set the trial in February 2022 due to the court's and the State's conflicts in November 2021

and both counsel's conflicts in January 2022, without discussion concerning December 2021.

During the motion for discharge hearing, the State offered the transcript from the October 26, 2021, hearing on the motion to continue and defense counsel offered an email exchange between counsel and the court bailiff on scheduling. The only clarity provided by those emails was that the first written communication about the court's notice of the conflict took place on September 27, where counsel for the State sought a hearing date to present a motion governing the continuance of the trial. None of the evidence offered and received provided any indication as to what that trial was, when it was scheduled, why the other trial took precedence over Rashad's trial, or why the trial could not have been held before the speedy trial deadline. In fact, the only additional information governing the nature of the conflict came from the court's order denying the motion for discharge, where the court indicated the following:

> On September 27, 2021, the Court notified counsel for the parties that the Court had a homicide trial scheduled for October 13, 2021[,] that was anticipated to go through the week of October 18, 2021, which would make the Court unavailable to start [Rashad's] trial on October 18, 2021. As a result of this notification, the State then requested a hearing so that [Rashad's] October 18, 2021[,] trial could be continued.

As the Nebraska Supreme Court stated in *State v. Sommer*, 273 Neb. 587, 591, 731 N.W.2d 566, 570 (2007):

> We have stated that docket congestion can be a "good cause" for delay in speedy trial calculations. In *State v. Alvarez*, [189 Neb. 281, 202 N.W.2d 604 (1972),] we found that the Legislature intended to include docket congestion in excusable delays and to exclude periods attributable thereto from the statutory 6-month period. We have also held that the substantial preponderance of the evidence must support a court's finding of good cause.

More specifically, in examining the speedy trial statute in *State v. Alvarez*, 189 Neb. 281, 290, 202 N.W.2d 604, 610 (1972), as it relates to good cause in connection with docket congestion, the Nebraska Supreme Court explained:

Most delays in civil cases are attributable to the parties themselves. More often than not the defendant in a criminal case is not anxious for a speedy trial. The Legislature has recognized by enactment of the statutes in question the social desirability for a variety of reasons of bringing the accused to trial at an early date. The mandate of the statute must therefore be followed and such things as improper or inefficient docket management, scheduling of trials, or failure to use available procedures such as obtaining an available judge from another district cannot be deemed "good cause."

In *State v. Baird*, 259 Neb. 245, 609 N.W.2d 349 (2000), the Nebraska Supreme Court reversed, and remanded with instructions to discharge the defendant for a violation of the speedy trial statutes due to the State's failure to offer into evidence anything to substantiate the difficulties the court was having with scheduling, relying solely on statements made during the hearing by the court. But see *State v. Roundtree*, 11 Neb. App. 628, 658 N.W.2d 308 (2003) (court concluded that oral statements made by prosecutor could serve as factual basis for motion to continue).

Following a hearing on Rashad's motion for discharge, the court found as follows:

"The Court, based upon the record that has been made regarding the continuances and the Court being in trial and the availability of both counsel, the Court is going to make a good cause finding that this trial that was scheduled for October 18, 2021, should be and hereby is continued. And the trial setting that the Court has available, based upon the Court's trial calendar, where you would be the primary case and first up, would be on Monday, February 14th, 2022. And this matter will be

set for trial on Monday, February 14, 2022[,] at 9:00
a.m." . . .

. . . Thus, the Court . . . found that [Rashad] was to be
tried by November 12, 2021. That the Court was unavail-
able to try [Rashad's] case due to the Court already
having a two[-]week jury trial scheduled. That the next
available time that the Court and counsel for the parties
were available for trial was February 14, 2022. Based
upon the circumstances, the Court finds that good cause
exists for the continuance of [Rashad's] trial to February
14, 2022.

In *State v. Brown*, 310 Neb. 224, 234-36, 964 N.W.2d 682,
690-91 (2021), the Nebraska Supreme Court held:

A district court's good cause findings must be supported
by evidence in the record, and the State bears the burden
of establishing facts showing that good cause existed. .
. . When a trial court's sua sponte decision to delay trial
implicates statutory speedy trial rights, the exclusion of
the period attributable to such delay is governed by a
showing on the record of good cause as described by
§ 29-1207(4)(f). *State v. Chase*, [310 Neb.] 160, [964]
N.W.2d [254] (2021). We have recently explained that
the evidence of good cause is properly presented at the
hearing on the motion for absolute discharge and need not
be articulated at the time of the court's sua sponte order
delaying trial. *Id.* The burden under § 29-1207(4)(f) is
simply that there be "good cause." *State v. Chase, supra.*
In determining whether the trial court clearly erred in
finding good cause after a hearing on a motion for dis-
charge, we look not just to the evidence presented at the
hearing on the motion to discharge but to the whole of
the record. *Id.* The only timing requirement implicit in
§ 29-1207(4)(f) is that the substantial reason affording a
legal excuse objectively existed at the time of the delay.
*State v. Chase, supra.*

. . . .

When a trial court relies on § 29-1207(4)(f) to exclude time from the speedy trial calculation, we have said that a general finding of "good cause" will not suffice. *State v. Coomes*, 309 Neb. 749, 962 N.W.2d 510 (2021). Instead, the court must make specific findings as to the good cause which resulted in the delay. *Id.* An appellate court will give deference to such factual findings unless they are clearly erroneous. *Id.*

Assuming without deciding that the prosecution's statements at the continuance hearing held on October 26, 2021, constituted a factual basis for the court's consideration of the State's motion to continue the trial for good cause, I respectfully disagree that the contents of those oral statements or the subsequent exhibits offered at the discharge hearing supported a good cause finding to continue the trial. Although counsel for the State relied upon the court's indication prior to the commencement of either trial that the court canceled Rashad's trial due to another scheduled trial that was expected to extend beyond October 18, there was no indication from the court, counsel, or other evidence presented at the hearing as to the nature of the other trial, when it was scheduled, why that particular trial took precedence over Rashad's trial, or any substantive indication as to why Rashad's trial could not have been scheduled prior to the November 12 speedy trial deadline. Based upon this minimal record, the court's specific findings were that good cause existed because of a previously scheduled trial. We are to give deference to those findings unless clearly erroneous. I give deference to the finding that the other trial existed. The issue lies in there being no indication as to why that trial was scheduled ahead of Rashad's trial or why the trial could not have been otherwise accommodated. Congestion can most certainly support a good cause basis for a continuance. However, in my review of precedent on the subject, there must be some basis articulated within the record for the reason for that congestion other than the simple indication that prior to either trial commencing, another trial had been

scheduled that was expected to extend beyond the commencement date of Rashad's previously scheduled trial. The majority acknowledges that the evidence offered in support of the State's motion to continue was thin. On this record, I conclude it is too thin in relation to the State's burden, and I respectfully dissent from my colleagues.